**STATE of Missouri, Respondent,**

v.

**Arthur Lee TAYLOR, Appellant.**

No. 57054.

Supreme Court of Missouri,
Division No. 2.

July 16, 1973.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Raymond A. Bruntrager, St. Louis, for appellant.

MORGAN, Judge.

Defendant, with three prior offenses, was tried to a jury and found guilty of robbery in the first degree. The trial court assessed punishment at five years imprisonment. Sections 560.120, 556.280, RSMo 1969, V.A.M.S. Notice of appeal was filed June 29, 1971, and this court has jurisdiction.

Factually, the record reflects that on January 22, 1970, an elderly man named Wilder was acting as the operator of a laundromat at 4166 Lee Avenue in St. Louis; that one customer, Mrs. Harrell, was using the facilities at approximately 7:30 p.m.; that she had decided to go to a store across the street to buy a newspaper, and as she started to leave she observed two persons approaching the laundromat; that she concluded they looked "suspicious" and advised Mr. Wilder to lock the door; that the two entered as she left, and she observed one watching her walk across the street; that she saw, from the store, an attack on Mr. Wilder by the two persons; that they knocked him down and beat him; that she called the police and reported the incident to the first officer to arrive on the scene; that the two had knives and did drag Mr. Wilder to the basement, take money from him and lock him in a toilet; that prior to learning the details, the officer watched two persons leave the laundromat and enter a residential property across the street; and, that with the aid of two other officers, the two persons were later arrested.

Mr. Wilder and Mrs. Harrell testified that defendant was one of the two offenders, and the first officer on the scene testified defendant was one of the two he saw leave the laundromat before he knew what had happened.

First, defendant contends the trial court should have declared a mistrial after a "voluntary" statement by Mrs. Harrell. While relating her experience at the time, she replied: "I saw this (the beating) and also another witness saw this." He was identified as a Mr. Dodson. On cross-examination, she was asked: "Arthur Dodson went down to the station with you?" and she replied: "No, he did not; the next day he went down to identify them." The trial court sustained an objection and instructed the jury to disregard the last answer but refused to grant a mistrial. Defendant relies on cases pertaining generally to exclusion of hearsay testimony. However, they do not dictate the result defendant requests. The response, arguably, could be recognized as a legitimate answer to the question propounded by defendant. However, we need not decide that possibility. There is no allegation nor demonstration that the response was prejudicial. In fact, the answer only implied Dodson went to the police station, not that he actually had identified defendant. Since Dodson did not testify, the inference to be drawn, if any, would be that the result was unfavorable to the state. The trial court did not abuse its discretion by refusing to declare a mistrial. State v. James, 347 S.W. 2d 211 (Mo.1961); State v. Camper, 391 S.W.2d 926 (Mo.1965); State v. Smith, 431 S.W.2d 74 (Mo.1968).

Second, argument is made that the state in final argument made several statements outside of the record, and that a mistrial should have been declared. The law applicable to each instance is the same, and they may be considered together, to-wit: (1) that an effort had been made to find potential witness Dodson, (2) that while the first officer was parking his car, no one left the building where defendant was arrested, and (3) that five witnesses had identified Exhibits 1–4 (clothing supposedly worn by defendant the night of the offense). We need not extend this opinion by detailing a sufficient portion of the argument to place each statement in its prop-

er context. The trial court granted all relief requested except that for a new trial, and in each instance cautioned the jury that it was to be guided by the evidence. No reversible error has been shown, and there is no suggestion that the comments were intentionally designed to mislead or prejudice the jury. As said in Collins v. Cowger, 283 S.W.2d 554, 561 (Mo.1955): "The trial court . . . is allowed large discretion in permitting or restraining argument and as to the manner in which improper argument is to be restrained or its prejudicial effect purged or cleansed, and the appellate court will not interfere unless it clearly appears that the trial court has abused its discretion." State v. James, supra; State v. Camper, supra.

■ Third, complaint is made that defendant's pre-trial motion to suppress an in-court identification should have been sustained because of the lineup procedure. No evidence was introduced at trial concerning the lineup; and after reviewing that testimony given at the pre-trial hearing, we find the contention without merit. Nothing is presented that remotely suggests the confrontation gave rise to an "irreparable misidentification." State v. Parker, 458 S.W.2d 241, 243 (Mo.1970). Furthermore, the evidence reflected an independent basis for an in-court identification by virtue of the lighting in the laundromat, the headlights of the police car and the opportunity to observe. State v. Mentor, 433 S.W.2d 816 (Mo.1968).

■ Fourth, complaint is made that unduly repetitive questions invaded "the prerogative of the jury to determine the credibility" of particular witnesses. Mrs. Harrell and the first officer positively identified defendant. Later, with some variation, each was asked if he or she was certain. The propriety of the question was for the trial court and we find no abuse of discretion in that connection. State v. Arrington, Mo., 375 S.W.2d 186, 192[10],

■ Fifth, alleged error is premised on the introduction of certain items of clothing presumably worn by defendant when arrested. It is difficult to determine what, if any, benefit they were to the state's case, but, in any event, there is no showing that the exhibition of such articles was inflammatory or tended to cause an unfairness in the trial. The point is without merit. State v. Pruitt, Mo., 479 S.W.2d 785, 789[7].

■ Lastly, it is submitted that defendant should have been granted a new trial because the prosecutor in his opening statement said: "Upon the presentation of all the evidence in the case, I will once more appear before you and ask, based on the findings, on the evidence in the case, that you return a verdict and *assess a punishment consistent with the crime.*" (Emphasis added.) As noted, defendant was tried as a second offender and by the present law the jury was not to assess punishment. Neither party has cited a case directly in point. From the record, it is obvious that the parting comment of the prosecutor was made inadvertently by habit, and there is nothing to indicate a prejudicial purpose. Although an erroneous statement, it is not conceivable that it could have had any misleading effect on the jury's deliberations pertaining to guilt or innocence.

Finding no error, the judgment is affirmed.

HENLEY, P. J., and FINCH, J., concur.

DONNELLY, C. J., not sitting.