STATE of Missouri,
Plaintiff-Respondent,

v.

Charles Bernard JONES,
Defendant-Appellant.

No. 39630.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 14, 1979.

Erica Leisenring, Asst. Public Defender, St. Louis, for defendant-appellant.

Richard Thurman, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Presiding Judge.

Defendant appeals from a conviction by a jury of Burglary First Degree and Robbery First Degree. Under the Second Offender Act the Court sentenced him to 20 years on each charge, the sentences to run concurrently.

Because of the nature of defendant's complaints it is unnecessary for us to recite the facts. As to both of defendant's allegations of error, the Supreme Court of Missouri has previously ruled adversely to defendant's position.

Defendant's first point involves the proof of a prior conviction under the Second Offender Act. He alleges that the court improperly admitted State's Exhibit 14, which was Volume 62 of the Permanent Record Book of the Circuit Court. Defendant specifically claims that "The state failed to show entries were made on or about the time the event occurred," and therefore did not qualify under the Business Records Act.

In *State v. Washington*, 335 S.W.2d 23 (Mo.1960) the deputy circuit clerk produced and read from the original circuit court records, as was done here. Defendant objected that the state had not complied with the Business Records Act. The court rejected defendant's argument, saying that these court records were required to be kept before the adoption of the Business Records Act and were admissible in evidence even though they failed to meet the requirements of that law. In this case Exhibit 14 was admissible without compliance with the Business Records Act. This point is without merit.

Defendant also alleges that "[T]he trial court erred in permitting the State to ask its own witnesses whether they were certain of their identification of appellant as the culprit," contending that such questions invade the province of the jury. The complaint involved the testimony of witnesses Malone and Levenberry. Similar questions were asked and the same point raised in *State v. Taylor*, 496 S.W.2d 822

(Mo.1973). The Supreme Court said at 824, "The propriety of the question was for the trial court   .   .   ." and, as in *Taylor*, we find no abuse of discretion.

Affirmed.

CLEMENS and GUNN, JJ., concur.