**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Bruce Wayne BENSON,
Defendant-Appellant.**

No. 14652.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 27, 1986.

William L. Webster, Atty. Gen., Paul La-Rose, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David E. Woods, Poplar Bluff, for defendant-appellant.

GREENE, Presiding Judge.

Bruce Wayne Benson, after waiver of jury trial, was court-tried and convicted of selling marijuana, a controlled substance, in violation of § 195.020,[1] and was thereafter sentenced to five years' imprisonment. Benson's appeal followed. We affirm.

The sufficiency of the evidence to sustain the conviction is not questioned. It suffices to say that the evidence conclusively proved that on April 13, 1984, in Butler County, Missouri, Benson sold approximately 3.6 grams of marijuana to Richard Hursey, a member of the Missouri Highway Patrol, who was working undercover in the patrol's Drug Enforcement Unit, for a sum of $20.

■ In his first point relied on in this appeal, Benson contends that the trial court erred in refusing to grant a mistrial after the prosecutor asked Benson, who took the stand in his own defense, "Isn't it a fact that you went into the service in order to avoid prosecution on a first degree armed robbery charge?" In his testimony on direct examination, Benson had said that he received an honorable discharge after his military service. Benson's attorney objected to the prosecutor's question on the grounds that it was "irrelevant and immaterial." Before the objection was ruled, Benson answered, "No." The trial judge then said to the prosecutor, "I'm not going to allow you to do that," and denied a subsequent motion by Benson's attorney for mistrial.

Motions for mistrial are addressed to the sound discretion of the trial court, and its rulings on such motions will not be disturbed on appeal absent a showing of manifest abuse. *State v. Lee,* 654 S.W.2d 876, 879 (Mo. banc 1983). No such abuse is shown here. Benson's answer did not hurt his cause, and the trial court told the prosecutor not to pursue the matter. The denial of the request for mistrial was proper.

■ In his second point, Benson claims error because the trial court allowed the prosecutor to ask witness Hursey if there was any doubt in his mind that state's exhibit 1 was, in fact, the bag of marijuana Hursey had purchased from Benson, to which question Hursey answered, "No, sir, I don't have any doubt in my mind." Benson's attorney had objected to the question as calling for a conclusion.

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S.

The trial court has wide discretion in determining whether to allow opinion testimony on an identification issue. *State v. Taylor*, 496 S.W.2d 822, 824 (Mo.1973), and the propriety of questions calling for such testimony is a matter for the trial court to determine. *State v. Jones*, 579 S.W.2d 670, 671 (Mo.App.1979). This is especially true in court-tried cases, where the rules of exclusion of evidence are less strictly enforced. *State v. Hodge*, 655 S.W.2d 738, 743 (Mo.App.1983). We find no abuse of discretion on the part of the trial court by permitting the question to be answered.

Benson's remaining arguments in points three and four of his brief are claims of error concerning an alleged break in the chain of custody of the bag of marijuana Hursey purchased from Benson from the time Hursey took the bag to Jefferson City for analysis in the highway patrol laboratory, until it was returned to Hursey before trial. At trial, Hursey positively identified state's exhibit 1 as the bag of leafy substance he purchased from Benson, which substance Hursey believed to be marijuana. Everett Markway, a forensic chemist employed by the Missouri State Highway Patrol, examined the plant material contained in the bag that was in evidence as state's exhibit 1, and determined the plant material to be marijuana.

Chain of custody of physical evidence is an irrelevant issue when an exhibit is positively identified. *State v. Ingram*, 607 S.W.2d 438, 441 (Mo.1980). The admission into evidence of the bag of marijuana (state's exhibit 1) was not error.

Judgment affirmed.

CROW, C.J., and TITUS, J., concur.