STATE of Missouri, Respondent,

v.

Harper Eugene ALLISON, Appellant.

No. 52876.

Missouri Court of Appeals, Eastern District, Northern Division.

Dec. 15, 1987.

Motion for Rehearing and/or Transfer Denied Jan. 26, 1988.

Application to Transfer Denied March 15, 1988.

---

J. Kevin Hamlett, Mexico, for appellant.

William L. Webster, Atty. Gen., Donna Richards–Crosswhite, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Defendant appeals from jury conviction in Audrain County Circuit Court of attempted murder, RSMo §§ 564.011, 565.020 (1986). The trial court found defendant to be a prior and persistent offender and sentenced him to fifteen years imprisonment, sentence to run consecutive to sentence imposed in Montgomery County charge on escape from confinement. On appeal defendant argues that the trial court erred in (1) admitting testimony of victim regarding details of injuries sustained from defendant's previous assault; (2) admitting victim impact statement; and (3) overruling his objection to the prosecutor's closing argument. We affirm.

Defendant Harper Allison, Jr. and the victim, his former wife, experienced difficulties during their final year of marriage. In September 1985, defendant struck the victim during an argument, cutting her lip. The victim filed charges against defendant but later dropped the charges after defendant agreed to participate in counseling. In December 1985, defendant and the victim separated. On March 10, 1986, defendant lured the victim to his apartment and then attacked her, choking her on the bed. On March 13, 1986, defendant shot the victim with a .30 caliber rifle while she was waiting in a car for her stepfather outside an auto parts store. The victim sustained serious injuries and lasting scars.

Defendant was arrested and ultimately placed in the Montgomery County jail. In May 1986, defendant and victim were divorced. On June 21, 1986, defendant escaped from the jail and made his way to Mexico, Missouri. Law enforcement officers found defendant in a ditch near the victim's residence, several hours after his escape. While incarcerated in the Audrain County jail defendant stated his intent to harm his wife to one of the employees. The jury found that defendant was laying in wait for the purpose of murdering his wife.

■ In his first point on appeal, defendant alleges that the trial court erred in allowing the State to introduce evidence detailing the injuries sustained by the victim in the March 1986 assault. The prosecutor elicited testimony from the victim in which she stated: "I got facial lacerations and shoulder wounds and some teeth knocked out." The victim also indicated that she had visible scars on her right arm, chest, and shoulder. Defendant argues that the prejudicial effect of the evidence far outweighed its probative value, thus he may have been convicted of the attempted murder based on the prior assault.

■ Evidence of other crimes may not be admitted unless it tends to establish a defendant's guilt for the crime with which he is charged. *State v. Johnson,* 733 S.W.2d 779, 781 (Mo.App., E.D.1987). Such evidence may be admitted where it tends to establish motive, intent, absence of mistake or accident, common scheme or plan, or the identity of defendant. *State v. Trimble,* 638 S.W.2d 726, 732 (Mo. banc 1982), *cert. denied,* 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1031 (1983). The determination as to whether the probative value of the evidence outweighs the prejudice to defendant

rests within the trial court's discretion. *State v. Johnson*, 733 S.W.2d at 781.

We do not find the trial court abused its discretion. The evidence of the injuries sustained by the victim in the prior assault was probative of the fact that defendant intended to harm her. *See State v. Shields*, 709 S.W.2d 556, 558 (Mo.App., E.D.1986). The series of assaults against the victim were related, revealing defendant's ongoing intent to harm the victim. Point denied.

■ Defendant next argues that the trial court erred in admitting into evidence the victim impact statement written by the victim after the March 1986 assault. Defendant alleges that the statement was irrelevant, inadmissible hearsay and should have been excluded.

On direct examination the victim testified that defendant repeatedly told her: that if she left him he would kill her, blow her head off; he was not going to let anyone else have her; and he did not believe in divorce. On cross-examination, defense counsel elicited testimony from the victim regarding several separations and reconciliations between defendant and the victim. Defense counsel inquired about the victim's correspondence with defendant. Defense counsel then admitted into evidence and read to the jury two letters which the victim had written to defendant in May 1986. In one of the letters the victim stated that she loved defendant. The victim signed both letters "Miss A," a pet nickname, and the letters had conciliatory overtones. On redirect examination the prosecutor offered into evidence and read to the jury the victim impact statement which the victim wrote regarding the March 1986 assault.

Prior consistent statements may be used to rehabilitate a witness on redirect examination when the witness has been impeached on cross-examination. *State v. Williams*, 575 S.W.2d 838, 839 (Mo.App., E.D.1978). The initial inquiry is whether the witness' testimony on direct examination was impeached on cross-examination. After considering the testimony on cross-examination and the letters, then contrasting this evidence with the victim's testimony on direct, we believe that defense counsel's purpose was to impeach the victim's credibility. Defense counsel's impeachment of the victim on cross-examination set the stage for the prosecutor to rehabilitate the victim on redirect with the victim impact statement, a prior consistent statement which supported her testimony on direct. Point denied.

■ In his final alleged error, defendant argues that the trial court erred in allowing the prosecutor to improperly use defendant's prior assaults and criminal record in closing argument. The prosecutor made two remarks which defendant claims constitute prejudicial error. First, the prosecutor reviewed the series of assaults by defendant on the victim, then stated:

[Prosecutor]: Now, I think you can reasonably believe that he had a firm purpose of wanting to cause her harm; and that he was prone to lose his temper; and he was prone to get mad; and he was prone—

[Defense Counsel]: [Objection.]

THE COURT: Overruled.

We addressed defendant's argument regarding the admissibility of the prior assaults in point one. We found that evidence of the assaults were admissible to show intent and common plan. Since the evidence was admissible, the prosecutor was properly allowed to argue this evidence in closing argument.

■ Defendant next points to error in the following exchange during the prosecutor's closing argument:

[Prosecutor]: Ladies and Gentlemen, a person's prior convictions, when they take the witness stand, are admissible against them on the matter of their credibility to show that you are entitled to know about their prior convictions when they testify. The only prior convictions of anybody that testified in this case are the defendant's, and he has beau-coup of them. That shows you that the defendant has no respect for the law.

[Defense Counsel]: Your Honor, I object. That's improper argument.

THE COURT: Sustained.

The court then instructed the jury to disregard the remark about respect for the law and admonished the prosecutor.

The defendant testified and thereby placed his credibility in issue. *State v. Carothers*, 710 S.W.2d 370, 371 (Mo.App., E.D.1986). Therefore, the prosecutor properly impeached defendant using defendant's prior criminal convictions. The prosecutor's improper remark was cured by the trial court's instruction to the jury. Further, the remark was not repeated or emphasized. The prosecutor's subsequent remarks regarding defendant's criminal record were limited to credibility. The trial court did not err.

Finding defendant's arguments to be without merit, we affirm.

SATZ, C.J., and SIMEONE, J., concur.