**STATE of Missouri,**
**Plaintiff–Respondent,**

v.

**Sheila FELS, Defendant–Appellant.**

**No. 50835.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 22, 1987.

Almond, Williams & Brady, P.C., Marsha Brady, Hillsboro, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Judge.

Defendant, Sheila Fels, appeals from a conviction for sale of a controlled substance in violation of Section 195.020, RSMo 1986. We affirm.

Detective Steve Dougherty of the St. Louis City Police Department, working undercover, purchased from the defendant approximately one ounce of marijuana on March 22, 1984. The transaction occurred at the residence the defendant shared with several other people in Jefferson County. Dougherty had previously purchased the drug at the same residence from other occupants and had previously encountered the defendant on those earlier visits. On the date that the sale by the defendant occurred, Dougherty took the plastic baggie of marijuana that she had sold to him to the police laboratory after marking it with his serial number and initials and sealing it in a manila evidence envelope. He signed and received an evidence receipt from the clerk at the laboratory. He did not have any further contact with the evidence until October 8, 1985, when he identified it at trial.

In addition to Dougherty, the state called Harold Messler, a police department criminalist, to testify as an expert witness. He identified the baggie containing the marijuana, the evidence envelope and the evidence receipt. He testified that he had removed the manila evidence envelope containing the drug from the locker of another department criminalist on November 2, 1984. He concluded that the contents of the baggie was marijuana based on the tests he performed at that time. Messler did not know how or when the evidence was originally placed in the locker. After testing the baggie's contents, he returned it to the locker where it remained until he removed it to transport the envelope to the trial.

Defendant contends that the trial court erred in receiving the plastic baggie of marijuana in evidence because an adequate chain of custody was not established.

She maintains that this was necessary to provide reasonable assurance that the evidence was the substance obtained from her and that it had not been altered or substituted. Our review is limited to plain error because defendant's trial counsel failed to object to the admission of the evidence based on an improper chain of custody. *State v. Nevels,* 712 S.W.2d 688, 691 (Mo. App.1986). We find no manifest injustice or miscarriage of justice. Rule 29.12(b) and Rule 30.20.

■■■ "The prevailing law in this state is that the evidence must provide 'reasonable assurance' that the exhibit sought to be introduced is the same and in like condition as when received." *State v. Scott,* 647 S.W.2d 601, 607 (Mo.App.1983). *See also State v. Turnbough,* 729 S.W.2d 37 (Mo. App.1987). The state is not required to account for the hand to hand custody of evidence under the reasonable assurance standard, nor is it required to exclude every possibility that the evidence had been disturbed. *State v. Pernell,* 606 S.W.2d 389, 392 (Mo.App.1979). Moreover, the chain of custody of evidence such as the plastic baggie of marijuana in question is an irrelevant issue when the exhibit has been positively identified. *State v. Benson,* 718 S.W.2d 664, 666 (Mo.App.1986). At trial Dougherty identified the plastic baggie of marijuana as the one he purchased from the defendant on March 22, 1984. He also testified that "except for the scribbling done by the criminalist," the bag was "basically the same" as the day that he turned it over to the police laboratory.

Defendant relies on *State v. Scott,* 647 S.W.2d 601 (Mo.App.1983). The case is factually distinguishable because the police officer who collected the evidence and delivered it to the laboratory did not testify at trial. The state attempted to establish the chain of custody with the testimony of another police officer who was merely at the crime scene and saw the missing officer gathering the evidence. In the *Scott* case, reasonable assurance was lacking. *State v. Lemon,* 504 S.W.2d 676 (Mo.App.1973), is also irrelevant as the officer in that case was unable to identify the exhibit at trial.

Furthermore, the trial court did not err in admitting the testimony of the expert Messler. The defendant, whose counsel concedes that the full basis for the objection was neither stated on the record or addressed in the motion for a new trial, has not preserved the objection for our review. Therefore, we look only for manifest injustice or miscarriage of justice. Rule 29.-12(b) and Rule 30.20. We find none. Defendant directs our attention to *State v. Sockel,* 490 S.W.2d 336 (Mo.App.1973). In *Sockel,* there was neither a proper chain of custody nor an identification by the police officer. The court held that under those circumstances it was plain error to admit the testimony of the laboratory technician who tested the substance before it was destroyed. In this case, there was a proper identification of the plastic baggie of marijuana; therefore, it was not plain error to admit the testimony of the police expert. Point denied.

The judgment of the trial court is affirmed.

STEPHAN, P.J., and DOWD, J., concur.