**Elbert Whaley JONES,**
**Movant–Appellant,**

v.

**STATE of Missouri,**
**Respondent–Respondent.**

No. 55314.

Missouri Court of Appeals,
Eastern District,
Division One.

May 16, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 13, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Cheryl Rafert, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

A jury convicted movant of stealing by deceit and assessed punishment at seven years' imprisonment plus a fine. The court sentenced movant in accordance with the assessment fixing the fine at $3,300. We affirmed the conviction in *State v. Jones,* 738 S.W.2d 920 (Mo.App.1987). A statement of the facts can be found there. *Id.*

Movant filed a Rule 29.15 motion alleging trial counsel was ineffective for failing to investigate several potential defense witnesses. Two of these potential witnesses plus movant testified on movant's behalf at the evidentiary hearing; movant's trial counsel testified for the state. The motion court entered extensive findings of fact and conclusions of law denying the motion.

On appeal movant contends:

The motion court clearly erred in ruling that trial counsel did not deny [movant] effective assistance of counsel by failing to interview and produce witnesses at trial who would have provided [movant] with a defense both by offering an admission of the alleged victim which was inconsistent with the elements of the charged offense and by impeaching the credibility of the alleged victim on the crucial elements of reliance and misrepresentation.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm

impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

■ The motion court is not required to believe the testimony of a movant or any other witness at an evidentiary hearing on a postconviction relief motion, and an appellate court must defer to the motion court's determination of credibility. *See e.g. Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987). The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Id.*

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

In determining whether counsel's performance was deficient, the inquiry must be whether counsel's assistance was reasonable, considering all the circumstances. The motion court should make every effort to eliminate the distortion wrought by hindsight and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. There is a strong presumption that criminal defense counsel's conduct falls within "the wide range of reasonable professional assistance," and a movant must overcome the presumption that certain actions of counsel might be regarded as sound trial strategy. *Richardson*, 719 S.W.2d at 915, *citing Strickland*, 466 U.S. at 688–89, 104 S.Ct. at 2065, 80 L.Ed.2d 674.

■ Counsel has a duty to make a reasonable investigation or to make a reasonable decision that a particular investigation is unnecessary. A decision to forego investigation must be evaluated for reasonableness under the circumstances, all the while giving great deference to counsel's judgment. *Richardson*, 719 S.W.2d at 915, *cit-*

*ing Strickland*, 466 U.S. at 691, 104 S.Ct. 2066, 80 L.Ed.2d 674. Counsel's duty to investigate includes contacting potential witnesses named by the client who might aid in his defense. *Poole v. State*, 671 S.W.2d 787, 788 (Mo.App.1983).

■ To show prejudice in an ineffective assistance of counsel claim, the movant must show that the alleged error by counsel had an adverse effect on the defense. The fact that the alleged error might have had some conceivable effect on the outcome is not sufficient. Rather, movant, when challenging a conviction, must show there is a reasonable probability that, absent the alleged error, the fact finder would have had a reasonable doubt respecting guilt. In determining whether a reasonable probability exists, the court hearing an ineffectiveness claim must consider the totality of the evidence before the fact finder. *Strickland*, 466 U.S. at 691–96, 104 S.Ct. 2066–69, 80 L.Ed.2d 674; *Richardson*, 719 S.W.2d at 915–16.

■ The motion court recognized that movant had the burden of proving by a preponderance of the evidence not only that counsel had failed to exercise the customary skill and diligence of a reasonably competent attorney under the circumstances, but also that movant was denied his right to a fair trial. The court, in denying movant's motion, stated in its findings and conclusions the following:

Having reviewed the movant's petition and having heard the testimony during the hearing on his motion, the court finds that movant has failed to meet these legal standards. The testimony of Agnes Batton, (Mikell) and Rev. Wendall Hanson at the hearing served to underscore Ms. Kraft's testimony that she did not call Batton, L.C. Mikell or Rev. Hanson on behalf of the movant at trial because she believed their testimony would help the state. This court, having heard two of these witnesses, concurs.

Movant testified that his half-brother, Tommy Isom, would have given testimony favorable to him. Ms. Kraft's testimony regarding Mr. Isom was that, Isom could or would provide no information. This court finds Ms. Kraft's testimony more credible than that of the movant....

We have examined the records of both the original trial and the evidentiary hearing, and we conclude the motion court's findings and conclusions are not clearly erroneous. The motion court in effect found that the witnesses movant claims counsel should have called were either not disclosed to counsel or were not called by counsel as trial strategy. Furthermore, we conclude, as we believe the motion court did, that movant was not prejudiced.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.