**STATE of Missouri, Plaintiff–Respondent,**

v.

**Wardell PATTERSON, Defendant–Appellant.**

**Wardell PATTERSON, Movant,**

v.

**STATE of Missouri, Respondent.**

Nos. 57897, 59575.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 14, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 19, 1992.

Application to Transfer Denied
March 24, 1992.

Marcie W. Bower, Columbia, Phil Horwitz, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is a consolidated appeal arising out of the defendant's conviction for possession of a controlled substance on the premises of a correction facility, § 217.360.1, RSMo 1986. The conviction was obtained in the Circuit Court of St. Louis County and the defendant was sentenced to a term of seven years imprisonment. On appeal the defendant contends the trial court erred in: (1) allowing into evidence a hand-rolled cigarette laced with cocaine; (2) overruling the defendant's motion for a new trial because the prosecutor blatantly disregarded the trial court's sustention of the defense counsel's objections; (3) failing to declare a mistrial because the prosecutor argued the absence of evidence, which was excluded by the court at the prosecutor's behest, and misrepresented matters to the jury; and, (4) overruling the defendant's motions for judgment of acquittal at the close of the evidence and in accepting the jury's verdict because the state failed to prove the elements of the offense charged. The defendant also appeals from the motion court's denial of defendant's post-conviction motion under Rule 29.15. We affirm.

On November 16, 1988, Correctional Officer Louis Dvorak searched cell 3-D-4 at the Missouri Eastern Correctional Center. Dvorak had been alerted to search the cell by another corrections officer because of suspicious activities which had occurred the previous evening. As Dvorak entered cell 3-D-4 he requested the two residents of the cell, defendant ' and inmate Gerald Fleming, to get out of their bunks and go into the hall so that he could search the area.

As the defendant arose from his lower bunk, Dvorak observed him remove a cigarette from the window sill behind the bunk and drop it between the bunk and the wall. Dvorak saw the cigarette fall to the floor and recovered it immediately after the defendant left the cell. Dvorak then wrapped the cigarette in a scrap of a grocery bag and put it into his shirt pocket. When Dvorak completed his search he went to the investigator on duty at the time, Captain Kennedy.

Dvorak gave Kennedy the cigarette, still wrapped in the scrap of grocery bag, and watched as Kennedy sealed the cigarette into a plastic evidence bag with red evidence tape. This tape cannot be removed without either tearing the tape or the bag. The bag was marked with information identifying where and by whom the contents had been discovered and was signed by Dvorak.

The next day the bag was taken to the crime laboratory by Assistant Investigator Reed and delivered to the lab clerk. An evidence technician, Bryan Hampton, testified that the seal on the bag was undisturbed and that the bag had not been opened. A visual examination of the cigarette by Hampton indicated the cigarette contained small chunks of a white crystalline substance. Further testing revealed that the cigarette had been laced with cocaine and that the chunks observed by the technician were consistent with crack cocaine.

The defendant introduced testimony of his cellmate at the time of the search, Fleming, whose testimony conflicted with Dvorak on several points. The defendant was convicted for possession of a controlled substance on the premises of a correctional facility and was sentenced to a term of seven years imprisonment. Following his conviction the defendant filed a motion under Rule 29.15 to vacate, set aside or correct the judgment and sentence. The motion was denied and the defendant appeals from the judgment and the denial of his Rule 29.15 motion.

The defendant's first point on appeal alleges the trial court erred in allowing into evidence a cigarette laced with cocaine. The defendant argues that the state did not

lay a proper chain of custody for the cigarette because the state failed to call Kennedy who had control of the exhibit for approximately 24 hours. In addition the defendant contends the state failed to show that the exhibit was in substantially the same condition when analyzed by the forensic scientist as it was when seized by Dvorak.

In admitting controlled substances into evidence it is necessary to satisfy the court that the articles tested were in the same condition when tested as they were when seized. *State v. Weber*, 768 S.W.2d 645, 648 (Mo.App.1989). This, however, does not require the state to account for the hand-to-hand custody of the evidence but rather the state must provide a reasonable assurance that the evidence sought to be introduced is the same and in like condition as when received. *State v. Fels*, 741 S.W.2d 855, 857 (Mo.App.1987). The proof of chain of custody is unnecessary when the evidence has been positively identified. *Id.*

Here, the cigarette Dvorak originally seized was cut open at the lab to test it but Dvorak testified the cigarette's contents and paper were the same as when he initially seized it. Dvorak's positive identification, therefore, makes the proof of chain of custody unnecessary. The defendant's cross-examination of Dvorak and other evidence showed discrepancies between the condition of the cigarette when Dvorak originally seized it and when it was tested at the lab. The defendant argues that because of this evidence the state failed to establish with reasonable assurance that the cigarette was in substantially the same condition when analyzed as it was when originally seized. "Any such weakness in identification is properly the subject of cross-examination and was for the jury to consider in assessing the weight of the evidence." *State v. Malone*, 694 S.W.2d 723, 727 (Mo banc 1985) *cert. denied* 476 U.S. 1165, 106 S.Ct. 2292, 90 L.Ed.2d 733 (1985). We find Dvorak's testimony provided a reasonable assurance that the cigarette was in the same condition as when he seized it and any other evidence contradicting Dvorak was a factual question for the jury. Point denied.

The defendant's second point on appeal alleges the trial court erred in overruling his motion for a new trial because of prosecutorial misconduct. The alleged misconduct occurred when the prosecutor inquired into matters asked and answered, matters beyond the scope of cross-examination and matters without proper foundation which called for hearsay. In addition, the defendant claims the prosecutor's closing argument argued matters to the jury which had been stricken and repeatedly told the jury the defendant had no defense.

In order for the defendant to successfully obtain a reversal for prosecutorial misconduct he must not only show that the prosecutor's conduct was improper, but also that such conduct was prejudicial to the defendant. Where there is misconduct the court will look to see whether such conduct resulted in prejudice to the defendant causing the trial to be unfair. *State v. Bishop*, 660 S.W.2d 233, 235 (Mo.App. 1983). In that we find that the combined effect of the alleged misconduct did not so prejudice the defendant as to deny him of a fair trial we will not discuss whether the alleged instances of prosecutorial misconduct were in fact improper.

The defendant argues that the combined effect of the alleged prosecutorial misconduct prejudiced the defendant and denied him a fair trial. The defendant objected to the questions and evidence he perceived to be improper and received relief in many instances. In addition, the prosecutor's alleged misconduct in his closing argument was cured by the court's strikes of the remarks and admonishing the jury to disregard. *State v. Allison*, 745 S.W.2d 178, 181 (Mo.App.1987).

The defendant is correct in pointing out that the prosecutor, in some instances, ignored the findings of the court and repeated his improper questions or remarks. However, this evidence was of little or no benefit to the state and certainly did not rise to a level so as to deny the defendant a fair trial. While we do not condone such

activity this is not a basis to overturn a conviction. "A conviction resulting from a fair trial should not be reversed for the purpose of disciplining and deterring prosecutors, particularly where the mechanism for discipline and deterrence is provided elsewhere." *State v. Smothers,* 605 S.W.2d 128, 132 (Mo. banc 1980). The Missouri Bar provides the methods for discipline and deterrence of prosecutorial misconduct. In that we find the prosecutor's conduct did not deny the defendant a fair trial the defendant's second point is denied.

The defendant's next point claims the trial court plainly erred in failing to declare a mistrial, *sua sponte,* following alleged improper argument by the prosecutor. The defendant argues the trial court should have declared a mistrial because the prosecutor successfully blocked the defendant from calling a witness, Ron Kennedy, and then the prosecutor argued an adverse inference in closing argument from the fact that the defendant did not call Kennedy as a witness. Kennedy's testimony was relevant as to the chain of custody of the cigarette.

■■■ Relief is granted under plain error only when the error so substantially affects the rights of the accused that manifest injustice or miscarriage of justice results if left uncorrected. *State v. Jones,* 788 S.W.2d 749, 751 (Mo.App.1990). Here, there was no such error. First, the defendant incorrectly states that the prosecutor blocked the defendant from calling Kennedy as a witness. The defendant had asked the trial court for a body attachment on Kennedy and claimed that the prosecutor had subpoenaed the witness and improperly dismissed him. In order to issue a writ of attachment for the body of a witness there must be a validly executed subpoena. *State v. Woods,* 662 S.W.2d 527, 532 (Mo. App.1983). In response to the defendant's allegation the prosecutor explained that the state had not subpoenaed Kennedy. The trial court then correctly refused the defendant's request for a body attachment on Kennedy because he was not served with a subpoena. Thus, the prosecutor did not block the defendant from calling Kennedy

as a witness but instead it was the defendant's failure to subpoena Kennedy which resulted in the denial of the body attachment.

■■■ In addition, the prosecutor's argument in his closing, drawing an adverse inference from the defendant's failure to call Kennedy as a witness, was opened up by the defendant's closing argument. In his closing the defendant called attention to the fact that the state had failed to call Kennedy as a witness. In response the prosecutor stated "As far as Kennedy, he knows where Kennedy is too, in the Western Correctional Center, employed there. He could have subpoenaed him like I did." Prosecutors are permitted wide latitude to reply to defense counsel's argument which is directed to discredit the state's case. In fact an otherwise improper comment by a prosecutor may be admitted if the retaliatory argument was invited by defense counsel's assertions. *State v. Carter,* 689 S.W.2d 780, 782 (Mo.App.1985). Here, the prosecutor's remarks were proper in response to the defendant's allegations against the state in not calling Kennedy as a witness. The prosecutor's statement that he had subpoenaed Kennedy was improper in light of his earlier assertions that he had not, but this alone does not call for reversal under plain error. Point denied.

In his fourth point on appeal the defendant alleges the state failed to establish beyond a reasonable doubt that he was knowingly and consciously in possession of cocaine on or about the premises of a penal institution. The defendant argues that since there was only a trace of cocaine found in the cigarette the evidence was insufficient to raise the inference of knowing and conscious possession.

■■■ In reviewing questions of sufficiency of the evidence we view the evidence and all reasonable inferences drawn from it in the light most favorable to the verdict while disregarding contrary evidence or inferences. *State v. Mallett,* 732 S.W.2d 527, 530 (Mo. banc 1987), *cert. denied,* 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267. The statute under which the defendant was sentenced, § 217.360.1, RSMo 1986, sets no

minimum amount of a controlled substance which may lawfully be possessed and the courts have held that traces of a controlled substance will sustain a conviction of possession. *State v. Harrington,* 679 S.W.2d 906, 908 (Mo.App.1984). Thus the state's uncontradicted evidence showing the defendant's possession of the cigarette laced with cocaine was substantial evidence for the jury to rationally determine that the defendant knowingly possessed the cocaine. *See, State v. Bell,* 719 S.W.2d 763, 765 (Mo. banc 1986). Point denied.

In his final point the defendant claims the motion court erred in denying his post-conviction motion under Rule 29.15 alleging ineffective assistance of counsel. In particular the defendant argues his attorney failed to consult with him early enough regarding defense witness James McCrary, failed to adequately investigate and subpoena Ron Kennedy and failed to make an adequate investigation regarding the strengths and weaknesses of the state's case.

 Appellate review of a Rule 29.15 motion is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Jones v. State,* 773 S.W.2d 156, 157 (Mo.App.1989). "The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made." *Jones,* 773 S.W.2d at 157–158. The burden of proof is upon the movant who must prove his grounds for relief by a preponderance of the evidence. Rule 29.15(h); *Jones,* 773 S.W.2d at 158.

 To prevail on a claim of ineffective assistance of counsel the defendant must show that his trial counsel failed to exercise the customary skill and diligence a reasonably competent attorney would perform under similar circumstances and that this deficient performance prejudiced his case. *Sanders v. State,* 738 S.W.2d 856, 857–858 (Mo. banc 1987). In determining whether there is prejudice the defendant must show there is a reasonable probability that, absent the alleged error, the fact finder would have had a reasonable doubt respecting guilt, taking into account the totality of the evidence before the fact finder. *Childress v. State,* 778 S.W.2d 3, 5 (Mo. App.1989).

 Here, the defendant first claims that he was prejudiced because his defense attorney never located defense witness James McCrary to testify on his behalf. The defendant, however, never gave any indication as to what McCrary would testify to or how this testimony would aid the defendant's case. The defendant is required to show, among other things, what the testimony of the witness would have been and how it would have aided him. *Newman v. State,* 751 S.W.2d 93, 98 (Mo. App.1988). Therefore, the defendant has not shown any prejudice by McCrary's failure to testify.

 The defendant also argues his trial counsel was ineffective because he failed to adequately investigate and subpoena Ron Kennedy who had possession of the cocaine laced cigarette for a short period of time. The defendant's trial counsel testified that he could only "speculate" as to what Kennedy would testify to and the defendant introduced no other evidence as to how this testimony would aid his case. "Conjecture or speculation is not sufficient to establish the required prejudice." *Guinan v. State,* 769 S.W.2d 427, 429 (Mo. banc 1989). Again the defendant has not shown any prejudice.

Finally, the defendant alleges that his trial counsel's failure to make an adequate investigation deprived him of the ability to make an informed decision about pleading guilty to the crime charged. The defendant apparently feels that had his counsel conducted a more thorough investigation the defendant would have known the strength of the state's case and he would have accepted the plea bargains offered by the state. This is an interesting argument in that the defendant alleges above that had his counsel been more thoroughly prepared his case would have been stronger.

In any event, the record shows that the defendant was adamant about not taking any consecutive time pursuant to a plea agreement. The defendant finally decided to accept the plea agreement after the trial had started but by this time it was withdrawn because the jury had already been impaneled. In addition, the defendant does not point to any information a thorough investigation would have revealed to change his decision. The defendant has failed to show he was prejudiced by the alleged ineffective assistance of counsel and therefore his final point is denied.

Judgment affirmed.

STEPHAN, and CRIST, JJ., concur.