STATE of Missouri, Respondent,

v.

Vincent JOHNSON, Appellant.

Vincent JOHNSON, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60998, 62697.

Missouri Court of Appeals,
Eastern District,
Division Seven.

July 13, 1993.

2. Footnote 1, *supra.*

John Klosterman, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Chief Judge.

A jury convicted defendant of first degree murder and armed criminal action. The court sentenced him to consecutive sentences of life imprisonment without parole and 25 years. Defendant appeals both the convictions and denial of his Rule 29.15 motion for post-conviction relief. He raises five points of error. We affirm both the judgment on the verdict and denial of post conviction relief.

The sufficiency of the evidence is not in dispute. Thodis Blocker was shot in front of his girlfriend's home at 1922 East Warne in the early morning hours of November 19, 1990. He died at Central Medical Center later that day. The testimony of five witnesses placed defendant at the scene of the shooting, and three of those witnesses stated they saw defendant shoot the victim. Defendant rested without offering evidence.

Defendant's first point on appeal is the trial court erred by sustaining the state's objection to the following question asked of Officer Barton on cross-examination: "And Officer, has it been your experience as a police officer that a lot of those shootings are often drug related in that area?" The prosecutor had previously asked Sergeant Dodson, "Is shooting in the street uncommon in that area?" Without objection, he responded, "No, it's not." Apparently, defense counsel's question of Officer Barton was intended to establish that most shootings in the area are drug related. There is no evidence defendant was connected to the use of drugs. The inquiry may have been motivated by a strategy to obtain an answer to support an inference a drug user, not the defendant, committed the shooting. The relevancy of such a general matter, not developed by

facts related to the charged shooting, is within the discretion of the trial court in controlling cross-examination; *State v. Taylor*, 745 S.W.2d 173, 174 (Mo.App.1987). However, defendant did not establish what the officer's testimony would be if the question were permitted. Defendant did not, therefore, make the requisite offer of proof on a substantive issue to preserve the issue. *State v. Schneider*, 736 S.W.2d 392, 401 (Mo. banc 1987).

■ Defendant also suggests his sixth amendment right to confront witnesses against him was violated by denial of his right to cross-examine on issues raised on direct examination. But defendant did not cross-examine the officer who testified shootings are common in the area. Denial of cross-examination of one witness on a subject raised during direct examination of a previous witness does not amount to violation of the right to confront witnesses. Point denied.

■ Defendant's second claim of error is the trial court erred by allowing the state to strike black venirepersons based upon arrest records because the state obtained arrest records of venirepersons in violation of § 610.100 RSMo 1986 and § 610.120 RSMo Cum.Supp.1992. These statutes require such records to be closed "to the general public" but they are open to defendant for his or her own records and to certain law enforcement agencies. We have held arrest records may be accessed for use in selecting a jury. *State v. Kalter*, 839 S.W.2d 670, 673 (Mo.App.E.D. 1992). Defendant now argues the state's use of such records constituted discrimination against black venirepersons. This challenge was never presented to the trial court. A misuse of arrest records in violation of statute was never discussed and no motion on that account was presented for a ruling. Moreover, there was no proof or offer of proof to support defendant's *suspicion* that the prosecuting attorney obtained arrest records of only black venirepersons. All challenges of the state were examined. The trial court ruled the state articulated race neutral reasons for each of its peremptory strikes. The court found no violation

under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) or *State v. Antwine*, 743 S.W.2d 51, 64 (Mo. banc 1987). Defendant did not claim the violation of these statutes, if there was a violation, was a ground for mistrial. Point denied.

■ In his third point, defendant as movant challenges denial of his Rule 29.15 motion alleging ineffective assistance of counsel for failure to call certain witnesses. Our review of this point is limited to a determination of whether the findings, conclusions and judgment of the motion court were clearly erroneous. Rule 29.15(j).

Several witnesses testified for defendant at the evidentiary hearing. None were able to provide an alibi for defendant, and those who defendant claimed had knowledge of incriminating statements made by another individual concerning the shooting were unable or unwilling to testify that individual implicated himself as the gunman. Furthermore, defendant stated at the hearing he agreed with his trial counsel at the time of the trial that it would not be a good idea to testify himself because of his own prior convictions. Defendant's trial counsel also testified she had interviewed several witnesses and concluded there were no potential alibi witnesses, and that defendant never mentioned any other witnesses who may have heard another party make self-incriminating statements about the shooting. Finally, the state offered three eye witnesses who described defendant as the gunman. Counsel was not ineffective for not calling witnesses who were not identified by defendant and whose testimony would not have benefitted defendant. Point denied.

In his fourth point, defendant states the trial court erred by overruling his motion to dismiss or, in the alternative, to stay the proceedings as there has been a substantial failure to comply with the declared policy of §§ 494.400—494.505 RSMo Cum.Supp. 1992. These statutes require selection of petit jurors from a random cross-section of citizens. Defendant's claim of denial of a jury reflecting a fair cross-section of the citizens of the City of St. Louis is not

supported by relevant, current data, and is therefore insufficient. *State v. Wheeler*, 845 S.W.2d 678, 681–682 (Mo.App.E.D. 1993). Point denied.

In his last point, defendant challenges the reasonable doubt instruction, MAI–CR3d 302.04. This point has been raised and repeatedly denied. *State v. Antwine*, 743 S.W.2d 51, 62–63 (Mo. banc 1987).

We affirm.

PUDLOWSKI and CRANDALL, JJ., concur.