STATE of Missouri, Plaintiff–
Respondent,

v.

Jimmy W. LABBEE, Defendant–
Appellant.

No. 22425.

Missouri Court of Appeals,
Southern District,
Division Two.

June 10, 1999.

Irene Karns, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen Pope Butler, Asst. Atty. Gen., Jefferson City, for respondent.

KENNETH W. SHRUM, Presiding Judge.

A jury convicted Appellant of sodomy, § 566.062, RSMo Cum.Supp.1995,[1] and the trial court sentenced Appellant to twelve years' imprisonment in accordance with the jury's recommendation. He appeals from the judgment of conviction.

The question presented on appeal is whether the trial court committed reversible error when, over Appellant's objection, it admitted into evidence the underwear and shorts worn by Appellant at the time he was arrested. We answer, "No." We affirm the judgment.

---

1. Section 566.062.1 provides: "A person commits the crime of statutory sodomy in the first degree if he has deviate sexual intercourse with another person who is less than fourteen years old."

Section 566.010(1) defines "deviate sexual intercourse" as "any act involving the genitals of one person and the mouth, tongue, or anus of another person."

## FACTS

The female victim, T.J.C., was born February 19, 1983, and was thirteen years old at the time of the incident for which Appellant was convicted.

On August 20, 1996, T.J.C. was living with her mother in Springfield. Her mother's boyfriend, Mike,[2] also lived with them. That evening, Mike came home drunk and passed out in the bathroom. T.J.C. feared her mother and Mike would fight, so she asked her mother whether she could stay somewhere else that night. Her mother gave her permission to stay elsewhere, and arrangements were made for T.J.C. and her younger sister to stay at the home of their neighbors, Appellant and Geneva Akin. When T.J.C. and her sister arrived at the neighbors' home, Appellant and Geneva were drinking beer on the porch. After watching television for awhile, T.J.C., her younger sister, and Geneva's daughter, Sharon, went to bed together. T.J.C. did not change into night clothes but remained in her shorts and a tee shirt. She recalled that as she went to sleep, she was on top of the covers.

Later, T.J.C. awoke "because there was someone in the room . . ., and they were touching [her] . . . on [her] vagina." T.J.C. recognized the person touching her as Appellant. Sharon Akin also testified that Appellant was in their bedroom that night. She recalled that Appellant tripped over a bicycle in the room and fell on their bed.

T.J.C. testified that, at first, Appellant rubbed her vagina by placing his hand under her shorts. Then, Appellant removed T.J.C.'s shorts and panties and started licking her vagina with his tongue. T.J.C. tried to push Appellant away and told him to "leave me alone . . . I was 13 years old." Appellant answered that if she did not "let him finish, [T.J.C.'s sister] and Sharon couldn't play together anymore." T.J.C. finally succeeded in pushing Appellant away, and he then sat next to her on

the bed. T.J.C. testified she was angry and at that point told Appellant "to go screw his dog." Soon thereafter, Appellant left the bedroom.

As T.J.C. began putting her clothes back on, she was crying and saying she wanted to go home. Sharon heard this and woke her mother (Geneva). Sharon walked T.J.C. home. When she arrived home, T.J.C. told her mother and Mike what had happened. T.J.C.'s mother called the police. When the police arrived, T.J.C. identified Appellant as her assailant. Police then arrested Appellant and took him to jail.

At trial, Geneva Akins identified a black pair of shorts (exhibit 3A) as those worn by Appellant the night T.J.C. claimed to have been sodomized. She also identified a pair of underwear (exhibit 3B) as those she saw Appellant wearing as he "watch[ed] TV after [she] had went [sic] to bed." Policeman McPhail identified exhibits 3A and 3B as clothing worn by Appellant at the time he was arrested. The trial court admitted these exhibits into evidence over Appellant's relevancy objection.

Appellant took the stand and denied sodomizing or otherwise touching T.J.C. He recounted tripping over a bicycle in the room where the children slept but said this occurred during a visit to the bathroom. In closing argument, defense counsel argued that T.J.C. may have "imagined" the incident or that "it was a dream."

The jury convicted Appellant and this appeal followed.

## DISCUSSION AND DECISION

Appellant maintains that the trial court committed reversible error when it admitted exhibits 3A and 3B, the clothing items, into evidence. He argues that this evidence was not logically relevant as it did not tend to prove or disprove any fact in issue or otherwise tend to establish any element of the sodomy charge. Moreover, Appellant asserts that the error in

---

2. Mike's surname does not appear in the record.

admitting such evidence was not harmless because "[e]xhibiting appellant's dirty underwear before the jurors served only to illustrate that he was a man of loathsome personal habits, from which the jury might well have inferred that he committed the loathsome acts of which he was accused."

■ "For evidence to be deemed relevant, it should 'logically tend to prove a fact in issue or to corroborate other relevant evidence which bears on a principal issue.'" *State v. Finster*, 985 S.W.2d 881, 891 (Mo.App.1999) (quoting *State v. Pagano*, 882 S.W.2d 326, 331[2](Mo.App.1994)). Arguably, Appellant's clothing was relevant and admissible under the reasoning of *State v. Carter*, 691 S.W.2d 417 (Mo.App. 1985). However, we need not reach that issue because we find no prejudice to Appellant from its admission.

■ "In matters involving the admission of evidence, [appellate courts] review for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial." *State v. McMillin*, 783 S.W.2d 82, 98 (Mo.banc 1990); *State v. Stevenson*, 852 S.W.2d 858, 863 (Mo.App.1993). Moreover, admission of irrelevant testimony may be considered harmless error when strong evidence of defendant's guilt exists. *State v. Girardier*, 801 S.W.2d 793, 796[3] (Mo.App.1991).

■ We will declare error in the admission of evidence to be harmless, however, only if we can "'declare a belief that it was harmless beyond a reasonable doubt.'" *State v. Miller*, 650 S.W.2d 619, 621[2] (Mo.banc 1983) (quoting *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 711 (1967)). To sustain a claim that error in the admission of evidence is harmless, the record must show "that the defendant was not injured by the error as by showing that the jury disregarded or could not have been influenced by the evidence." *State v. Wynne*, 353 Mo. 276, 182 S.W.2d 294, 300 (1944).

*See also State v. Gregory*, 822 S.W.2d 946, 951 (Mo.App.1992).

■ We believe beyond all reasonable doubt that this jury disregarded or could not have been influenced by the questioned evidence. The exhibits were shown merely for identification purposes. None of the witnesses who identified the exhibits were asked to describe any distinguishing characteristics of the clothing or comment on its appearance. The record does not show that the exhibits were ever passed to the jury. Nor does the record reflect that the State ever commented to the jury about the cleanliness of Appellant's clothing. On the contrary, it was the defense that drew attention to the condition of Appellant's underwear. The record is devoid of any mention of a link between Appellant's moral character and the appearance of his underwear. Inspection of the clothing belies Appellant's claim that allowing the jury to view the same may have led it to infer "that he committed the loathsome acts of which he was accused."

We find neither logic nor common sense in the argument that a jury might infer that an accused sodomized a thirteen-year-old child merely because he wore dirty underwear. Moreover, we find there was strong evidence of Appellant's guilt by the testimony of the victim and others. Accordingly, we hold that any error in allowing the admission of the clothing into evidence was harmless error. *See McMillin*, 783 S.W.2d at 98; *Girardier*, 801 S.W.2d at 796[3].

We are confirmed in our conclusion by *State v. Taylor*, 496 S.W.2d 822 (Mo.1973).

"[A]lleged error is premised on the introduction of certain items of clothing presumably worn by defendant when arrested. It is difficult to determine what, if any, benefit they were to the state's case, but, *in any event, there is no showing that the exhibition of such articles was inflammatory or tended to cause an unfairness in the trial.*"

*Id.* at 824[6] (emphasis added). Similarly, here, Appellant has not shown that the exhibition of his clothing was prejudicial or inflammatory, or that it deprived Appellant of a fair trial. Accordingly, Appellant's point on appeal is denied.

The judgment of the trial court is affirmed.

MONTGOMERY, J., and GARRISON, C.J., CONCUR.

