Jimmy LABBEE, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 23917.

Missouri Court of Appeals,
Southern District,
Division Two.

July 20, 2001.

Mark A. Grothoff, Asst. Public Defender, Columbia, Attorney for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Anne E. Edgington, Assistant Atty. Gen., Jefferson City, Attorneys for Respondent.

GARRISON, J.

Jimmy Labbee ("Movant") appeals from the denial of his Rule 29.15[1] motion for post-conviction relief following an evidentiary hearing. On appeal, Movant alleges that the motion court clearly erred in denying his claim that his trial counsel was ineffective for failing to inquire of Movant and witness Geneva Akin ("Akin") at trial whether the victim ("T.J.C.") and her sis-

---

1. All rule references are to Missouri Rules of Criminal Procedure (2001), and all statutory references are to RSMo 2000, unless otherwise indicated.

ter continued to make unsupervised visits to Movant's residence after the sodomy allegations were made against Movant. We affirm.

On August 20, 1996, T.J.C., who was thirteen years old, was living with her mother ("Mother"), Mother's boyfriend, and her sister in Springfield, Missouri. That evening, Mother's boyfriend came home drunk and passed out in the bathroom. T.J.C. feared that Mother and Mother's boyfriend might fight, so she asked Mother for permission to spend the night somewhere else. Arrangements were made for T.J.C. and her sister to stay at the home of their neighbors, Akin and Movant.

When T.J.C. and her sister arrived at the neighbors' home, Movant and Akin were drinking beer on the porch. After watching television for awhile, T.J.C., her sister, and Akin's daughter went to bed together. T.J.C. did not change into night clothes, but remained in her shorts and t-shirt. T.J.C. recalled that when she went to sleep, she was on top of the covers. Later, T.J.C. awoke "because there was someone in the room . . ., and they were touching [her] . . . on [her] vagina." T.J.C. recognized the person touching her as Movant. Akin's daughter testified that Movant was in their bedroom that night, and that she recalled Movant tripping over a bicycle in the room and falling on their bed.

In January 1997, Movant was charged with first degree sodomy in violation of Section 566.062. At trial, Movant denied sodomizing or otherwise touching T.J.C. He recounted tripping over a bicycle in the room where the children slept but said this occurred during a visit to the bathroom. During closing argument, defense counsel argued that T.J.C. may have "imagined" the incident or that "it was a dream." A jury found him guilty, and he was sentenced to twelve years imprisonment. His conviction was affirmed on appeal. *State v. Labbee*, 994 S.W.2d 66 (Mo.App. S.D. 1999). Movant, thereafter, filed a Rule 29.15 motion for post-conviction relief, which was later amended. The motion court denied relief following an evidentiary hearing. Movant appeals.

■ Review of the denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k); *Leisure v. State*, 828 S.W.2d 872, 873–74 (Mo. banc 1992). The findings and conclusions of the motion court are clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *State v. Vinson*, 800 S.W.2d 444, 448 (Mo. banc 1990); *Valdez v. State*, 35 S.W.3d 877, 878 (Mo. App. S.D.2001).

■ To prevail on a claim of ineffective assistance of counsel, a movant must show that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *State v. Kelley*, 953 S.W.2d 73, 91 (Mo.App. S.D.1997). Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. There is a strong presumption that counsel's performance constituted sound trial strategy. *Cardona–Rivera v. State*, 33 S.W.3d 625, 628 (Mo.App. S.D.2000).

In his sole point on appeal, Movant argues that his trial counsel was ineffective in that he failed to question Movant and Akin at trial about whether T.J.C. and her sister were allowed to make unsupervised visits to Movant's residence after the sodomy allegations were made. Movant argues that such evidence would "raise doubts about the charges in that, if the allegations were true, [Mother] would not let her daughters visit [Movant's] residence."

In his amended motion, Movant stated: Movant wanted to contend at trial that [T.J.C.] had been put up to making her allegations by [Mother], with whom [M]ovant did not get along. The testimony showing that [Mother] let her other young daughter make unsupervised visits at [M]ovant's residence while [M]ovant was present would have served to support this defense, in that it would show that [Mother] knew the allegations were not true because they had been fabricated by [T.J.C.] at [Mother's] behest. Movant informed counsel of the foregoing and informed him that he wanted this information presented. Had counsel done so, a reasonable probability would have existed of a better result at [M]ovant's trial.

At Movant's evidentiary hearing, trial counsel was asked why he did not question Akin or Movant about Mother allegedly allowing T.J.C.'s sister to make unsupervised visits to Movant's house after T.J.C.'s allegations of sodomy were made:

Q. All right. Now, the fact that a different child subsequently stayed at this house or was allowed to stay at that house, that would not have necessarily even have been admissible at this trial; is that right?

A. I think there was a question of that. I thought about—when I read the amended motion and that issue, I thought about why that didn't come up, and as I recall, the defense in the case generally was that [T.J.C.] was mistaken. Not that she had this big motive and conspiracy to lie and that she was involved with other people in creating the lie, but that she was half asleep and that when she says things happened, that she was maybe not remembering very well what was happening and maybe dreamt that it happened. And we focused more at trial on the mistake that she made about what might have happened in the bedroom in the dark in the middle of the night rather than making the allegation that she, with some other people, had concocted a story to get [Movant] in trouble.

[Mother], I think, in the case, [Mother], is the one that was mentioned in the motion. Her testimony or her opinion about whether [T.J.C.] was telling the truth wouldn't have been admissible, so whether or not she allowed another daughter or one of the girl's sisters to go over to the household I didn't think would have any bearing on the case.

In denying Movant's claim, the motion court found that trial counsel was not ineffective for failing to present testimony that would not have been admissible and that would not have furthered Movant's theory of the case. It noted that Mother's belief in the allegation was irrelevant and would not have been admissible at trial. The motion court further stated that the defense in the case was that T.J.C. was mistaken in her belief that she had been sexually abused by Movant, not that the allegations were a result of a conspiracy to lie. It also found that Akin, who testified at the evidentiary hearing on Movant's behalf, made it clear that while T.J.C.'s sister did continue to visit with Akin's daughter at Akin's home, T.J.C. never stayed at the house again after she made

the allegations of sexual abuse. Thus, the motion court noted, "even if·admitted, the testimony could have had the net effect of substantiating [T.J.C.'s] claim that she had been abused and as a result feared to stay at [Movant's] residence."

In the instant case, the motion court's findings were not clearly erroneous. Movant's trial counsel acted reasonably in not questioning Movant and Akin regarding the unsupervised visits to the home. At the evidentiary hearing, trial counsel stated that Movant's defense was not that T.J.C.'s allegations against Movant were the result of a conspiracy with Mother to lie, but, rather, that T.J.C. was mistaken in her belief that she had been sexually abused by Defendant. Because trial counsel did not pursue this conspiracy defense, trial counsel's failure to question Movant and Akin on this matter had no prejudicial effect on the outcome of the case.

Moreover, even if trial counsel had questioned Movant and Akin on the matter, the testimony may have had the effect of substantiating the State's case against Movant. At the evidentiary hearing Akin testified that after the incident, T.J.C. never again stayed at their home. Therefore, as the motion court noted, the testimony could have supported T.J.C.'s claim that she had been sexually abused and, as a result, feared to stay at Movant's residence.

The motion court did not clearly err in denying Movant's Rule 29.15 motion as he has failed to establish that trial counsel was ineffective and that he was thereby prejudiced. The judgment of the motion court is therefore affirmed.

PREWITT, J., and PARRISH, J., concur.