**STATE of Missouri, Respondent,**

v.

**Elbert W. JONES, Appellant.**

**No. 52460.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 20, 1987.

Mary Clare McWilliams, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jeffrey P. Dix, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals a jury conviction for stealing by deceit, § 570.030, RSMo 1986, for which he was sentenced to seven (7) years' imprisonment and fined three thousand three hundred dollars ($3,300). We affirm.

Defendant met victim in late August or early September, 1985. At that time victim, an eighty-year-old partially blind woman, offered defendant a room in her home in exchange for help around the house. Victim's house was in a state of disrepair and defendant told her he would help her fix it up. He told her he needed the deed so he could obtain a loan to repair the house. Victim gave defendant the deed and on September 13, 1985, signed something at her home in the presence of a notary public. What she signed was a quit claim deed transferring her property to defendant; what she thought she was signing was "the paper to get the money to fix the house." Defendant then sold the house for $5,000. Victim found out about the sale when the buyer came to take possession in late November 1985.

Defendant was originally charged by indictment with stealing in violation of § 570.030. He did not challenge the sufficiency of the indictment before trial, although he filed motions for acquittal at the close of the State's case and at the close of all the evidence asserting the State failed to make a submissible case. On appeal defendant asserts the original indictment was defective in that it failed to allege defendant knowingly deceived the victim and failed to allege victim relied on defendant's representations. He further asserts the substitute information was not timely filed and thus did not cure the defect in the original indictment. The indictment was amended by the substitution of the italicized portion for the crossed out portion:

the defendant, in violation of Section 570.030, RSMo, committed the class C felony of stealing, ... in that on the 13th day of September, 1985, in the City of St. Louis, State of Missouri, the defendant appropriated the title and ownership of a two family flat of a value of at least one hundred fifty dollars, which said property was owned by [victim], and defendant appropriated such property from [victim] and with the purpose to deprive *her* thereof by deceit in that ~~defendant caused [victim], who is eighty years old and can not [sic] see well, to sign a quit claim deed giving him title to the property by telling her that she was signing papers to get a home improvement loan~~ *the defendant misrepresented to [victim] that she was signing papers that would enable her to get a home improvement loan when in fact she was signing a quit claim deed of title to her home; and [victim], relying on the aforesaid misrepresentation, did sign a quit claim deed giving the defendant title to her home, which the defendant then sold without her knowledge or consent.*

The original indictment was not defective. *State v. O'Connell,* 726 S.W.2d 742, 746[4] (Mo. banc 1987). Thus, the issue before us is the timeliness of the filing of the substitute information. When the State filed the substitute information, defendant did not object to it as untimely. *State v. Robinson,* 694 S.W.2d 748, 750[5] (Mo.App.1985). Even had he objected, a substitute information filed before the verdict is timely. Rule 23.08; *State v. Toney,* 680 S.W.2d 268, 272–73[1–3] (Mo.App.1984). Defendant was fully apprised of the charge against him by the original indictment, he was not inhibited from presenting any defenses and was not prejudiced by the amendment.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.