Ronnie Lee **HANKINS**, Appellant,

v.

Paul K. **DELO**; William Webster, Appellees.

No. 91–3600.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 9, 1992.

Decided Sept. 18, 1992.

Publication Ordered, Oct. 5, 1992.

Appellant appeared pro se.

John Simon, Jefferson City, Mo., argued (William L. Webster and John W. Simon, on the brief), for appellees.

Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.

PER CURIAM.

Ronnie Lee Hankins appeals from the district court order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We affirm.

A jury convicted Hankins of capital murder. The Missouri Supreme Court affirmed his conviction and life sentence. *State v. Hankins*, 642 S.W.2d 606, 614 (Mo. 1982). Hankins's motion for postconviction relief under former Missouri Supreme Court Rule 27.26 was denied following an evidentiary hearing. On appeal of that denial, the State moved to strike ten of eleven "points of error" listed in Hankins's appellate brief because he failed to brief the issues as Missouri Supreme Court Rule 30.06 required. Hankins's counsel responded that he did not object to the issues being stricken from the brief. The Missouri Court of Appeals struck the ten issues and affirmed the denial of the remaining issue. *Hankins v. State*, 766 S.W.2d 467 (Mo.Ct. App.1989) (Missouri court had jurisdiction over crime occurring in Mark Twain National Forest).

In his habeas petition, Hankins alleged seven grounds for relief, including that the state court lacked jurisdiction because the United States had exclusive jurisdiction over the national forest where the crime occurred. The State responded that Missouri retained criminal jurisdiction over the national forest because the United States had not accepted jurisdiction, even though Missouri had ceded jurisdiction reserving only the authority to serve and execute process. Mo.Rev.Stat. § 12.020 (1986). The State argued Hankins had procedurally defaulted his remaining claims and had not demonstrated cause and prejudice to excuse the defaults.

In a report and recommendation, the magistrate judge rejected Hankins's jurisdiction claim on the merits. The magistrate judge concluded Hankins had not adequately presented his other claims to the Missouri state courts, and thus, his claims were barred from federal review. Nevertheless, the magistrate judge considered the claims and concluded they lacked merit.

Hankins objected to the report, arguing only that he was denied due process when the state trial court failed to give a first degree (felony) murder instruction, which he asserted the facts sufficiently supported. The district court concluded that federal review of the jury instruction issue was barred, and Hankins had not established cause or prejudice to excuse the default. The district court adopted the magistrate judge's report in all other respects and denied Hankins habeas relief.

In an amicus brief prepared at our request, counsel argues the ineffective assistance of postconviction appellate counsel constituted "cause" to excuse Hankins's procedural defaults, and Hankins suffered the requisite "prejudice." Counsel also argues the failure to give a first degree (felony) murder instruction denied Hankins due process because there was testimony at trial that Hankins "was going to do an

armed robbery" on the night of the murder. Counsel argues that Hankins was unable to support his claims without an evidentiary hearing in the district court.

In his pro se brief, Hankins argues the district court should have dismissed his petition without prejudice because he had not yet filed motions to recall the mandates in the Missouri courts. Hankins has informed us he later filed two motions, which the Missouri appellate courts summarily denied. Hankins further argues the denials were on the merits, and thus, he has now satisfied the procedural prerequisites to federal review of his claims. He also argues his attorneys' representations in the state postconviction proceeding, in district court, and on this appeal have been so flawed that he has been denied meaningful review. Hankins asks us to remand this action to the district court for consideration of his claims' merits.

▮ Hankins's argument that his motions to recall the mandates "cured" his default is foreclosed by this court's decision in *Kennedy v. Delo*, 959 F.2d 112, 115–16 (8th Cir.1992) (motion to recall mandate is not vehicle for presenting merits of constitutional claims not raised on direct appeal except in exceptional cases), *petition for cert. filed*, No. 91–8712 (U.S. June 22, 1992). Thus, Hankins's failure to raise the instruction claim on direct appeal or on appeal from the denial of his postconviction petition bars him from raising the issue in federal court.

▮ Hankins is precluded from raising the other issues except the jurisdictional issue in federal court because he failed to appeal from the denial of his postconviction petition and, as Hankins concedes, ineffective assistance of postconviction counsel cannot constitute "cause" to excuse the default. *Coleman v. Thompson*, —— U.S. ——, ——, 111 S.Ct. 2546, 2568, 115 L.Ed.2d 640 (1991). In addition, *Griffin v. Delo*, 961 F.2d 793, 794 (8th Cir.1992) (per curiam), *petition for cert. filed*, 60 U.S.L.W. 3800 (U.S. May 4, 1992) (No. 91–1782), does not mandate a remand in this case.

▮ As for the jurisdictional issue, the district court correctly concluded that Missouri had criminal jurisdiction over the Mark Twain National Forest. Unless the United States accepts jurisdiction over lands ceded by a state by filing a notice of acceptance with the Governor or in some other manner the state prescribes, it is conclusively presumed that the United States has not accepted jurisdiction. 40 U.S.C. § 255 (1988). The parties do not indicate the United States accepted jurisdiction. Even when the state purports to cede land to the federal government, the United States does not have jurisdiction unless it accepts it in the way the statute requires. *Adams v. United States*, 319 U.S. 312, 315, 63 S.Ct. 1122, 1123, 87 L.Ed. 1421 (1943); *accord State v. Burell*, 256 N.C. 288, 123 S.E.2d 795, 798–802, *cert. denied*, 370 U.S. 961, 82 S.Ct. 1621, 8 L.Ed.2d 827 (1962). An evidentiary hearing is not necessary to decide this issue because the issue can be resolved on the basis of state court records. *See Amos v. Minnesota*, 849 F.2d 1070, 1072 (8th Cir.), *cert. denied*, 488 U.S. 861, 109 S.Ct. 159, 102 L.Ed.2d 130 (1988).

Hankins's motion to dismiss his appeal without prejudice to allow him to file a motion to recall the mandate is now moot.

Accordingly, we affirm.