**Elbert Whaley JONES, Appellant,**

v.

**Gary JERRISON, Parole Officer; Cranston Mitchell, Board of Probation and Parole; and the Attorney General of Missouri, Appellees.**

No. 93–1399.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 9, 1993.

Decided April 1, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied May 13, 1994.

850

Cheryl A. Rafert, St. Louis, MO, argued for appellant.

John W. Simon, Asst. Atty. Gen., of Jefferson City, MO, argued, for appellee.

Before HANSEN, Circuit Judge, JOHN R. GIBSON,* Senior Circuit Judge, and MELLOY,** District Judge.

HANSEN, Circuit Judge.

Elbert Whaley Jones filed a petition for a writ of habeas corpus attacking his Missouri state-court conviction for stealing by means of deceit. He alleged that he did not have

* The HONORABLE JOHN R. GIBSON was a Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted and took senior status on January 1, 1994, before the opinion was filed.

** The HONORABLE MICHAEL J. MELLOY, Chief Judge of the United States District Court for the Northern District of Iowa, sitting by designation.

proper notice of the charges against him, that the evidence was insufficient to support a conviction, and that his trial counsel was ineffective. The district court [1] denied relief. We affirm.

## I.

In 1971, Theola Griffis bought a two-level duplex at 459 Laurel, St. Louis, Missouri. In August 1985, she was living on the second floor, while the first floor was vacant. Then she met Jones, the petitioner in this case, and permitted him to live with her on the second floor in exchange for his help fixing up the dwelling, which was in a state of extreme disrepair. In early September 1985, Jones told Griffis that he was attempting to get a loan for the planned renovations. On September 13, 1985, Jones persuaded Griffis, who was 80 years old and partially blind, to sign a quit claim deed transferring title to him. Jones later sold the property for $5,000. Griffis first learned that she no longer owned the property when Jones's buyer contacted her two months later to arrange for the transfer of possession.

Jones was charged with stealing by means of deceit. *See* Mo.Rev.Stat. § 570.030 (West 1979 & Supp.1993). Griffis testified at trial that she did not intend to convey the property to Jones. A jury returned a verdict of guilty. The trial court sentenced Jones to seven years of imprisonment and a $3,300 fine. The Missouri Court of Appeals affirmed on direct appeal, where Jones argued only that the indictment was defective and that the substitute information was untimely. *State v. Jones*, 738 S.W.2d 920, 921 (Mo.Ct. App.1987). Jones then filed a motion for

postconviction relief, alleging only that his trial counsel was ineffective. The trial court denied the motion, and the Missouri Court of Appeals affirmed. *Jones v. State*, 773 S.W.2d 156, 159 (Mo.Ct.App.1989). Jones later filed a motion to recall the mandate in the Missouri Court of Appeals, alleging only that the evidence was insufficient to support the conviction. The court denied the motion in a one-sentence order.

Jones then filed this *pro se* petition for a writ of habeas corpus, which contained three claims.[2] The respondents asserted in their answer that two of Jones's claims are procedurally defaulted and that, in any event, all three claims are without merit. About four months later, without having received a reply from Jones, the magistrate judge filed a report and recommendation that rejected the respondents' procedural default arguments and recommended that all claims be denied on the merits. Jones filed objections, which were overruled by the district judge. Jones appeals.

## II.

For his first claim, Jones alleged:

The trial court erred in overruling petitioner's objection to the substitute information in lieu of indictment. The indictment failed to charge a crime in that it did not allege that petitioner knowingly deceived Griffis or that she had relied on petitioner's representations. The indictment failed to charge a crime and thus, the proceedings thereafter are null. The trial court permitted the state to file a substitute information in lieu of indictment at the

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri, upon the report and recommendation of the Honorable Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri.

2. It appears that Jones was on parole when he filed his habeas petition. (*See* R. at 9.) Parole status does not deprive a federal court of jurisdiction over a habeas petition, however, because a parolee is still "in custody." *See* 28 U.S.C. § 2254(a); *Jones v. Cunningham*, 371 U.S. 236, 241–43, 83 S.Ct. 373, 376–77, 9 L.Ed.2d 285 (1963); *Piercy v. Black*, 801 F.2d 1075, 1077 n. 2 (8th Cir.1986). It further appears that Jones

may have discharged his sentence since he filed the habeas petition. (*See* Resp'ts' Ex. A at 2.) A federal court retains jurisdiction over a habeas petition, however, so long as jurisdiction existed at the time the petition was filed. *See Carafas v. LaVallee*, 391 U.S. 234, 238–39, 88 S.Ct. 1556, 1559–60, 20 L.Ed.2d 554 (1968); *Hanson v. Passer*, 13 F.3d 275, 277 n. 1 (8th Cir.1994); *see also Maleng v. Cook*, 490 U.S. 488, 491, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989) ("We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time the petition is filed."). Therefore, we have jurisdiction to decide this appeal.

close of all of the evidence, over petitioner's objection. The substitute information was filed in an untimely manner.

(R. at 3.) The magistrate judge, in her report and recommendation, first concluded that the respondents' defense of procedural default should fail. She then concluded that the claim should be denied on the merits because Jones failed to allege a violation of federal law. The district court adopted the report and recommendation. We believe it is proper to first determine whether Jones has alleged a claim that is cognizable in a federal habeas proceeding.

## A.

■ A petition for a writ of habeas corpus must allege that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Higgins v. Smith,* 991 F.2d 440, 442 (8th Cir.1993). The petition "shall specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts. No statute or rule requires that a petition identify a legal theory or include citations to legal authority. *See Johnson v. Puckett,* 929 F.2d 1067, 1070 (5th Cir.) (stating that habeas petitioner "need not plead the law"), *cert. denied,* —— U.S. ——, 112 S.Ct. 274, 116 L.Ed.2d 226 (1991); *cf.* 1 James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 11.4, at 150–51 (1988) (stating that petitions drafted by counsel "should" cite to "the controlling constitutional, statutory, or other bases for relief"). Furthermore, a petition filed by a *pro se* petitioner should be "interpreted liberally and ... should be construed to encompass any allegation stating federal relief." *White v. Wyrick,* 530 F.2d 818, 819 (8th Cir.1976).

■ We recognize that Jones's petition was phrased in a manner that suggested primarily errors of state law. But the magistrate judge construed the petition too narrowly when she concluded that Jones challenged only the timeliness of the filing of the information. A district court is obligated to analyze all alleged facts to determine whether they state a federal claim. Jones's allegation that the "indictment failed to charge a crime in that it did not allege that petitioner knowingly deceived Griffis or that she had relied on petitioner's representations" was sufficient to apprise the district court of a possible denial of due process. *See Hulstine v. Morris,* 819 F.2d 861, 863–64 (8th Cir. 1987) ("Due process requirements may be satisfied if a defendant receives *actual notice* of the charges against him...."), *cert. denied,* 484 U.S. 1068, 108 S.Ct. 1034, 98 L.Ed.2d 998 (1988); *Franklin v. White,* 803 F.2d 416, 417 (8th Cir.1986) (stating that Fourteenth Amendment incorporates Sixth Amendment right to reasonable notice of criminal charges), *cert. denied,* 481 U.S. 1020, 107 S.Ct. 1904, 95 L.Ed.2d 510 (1987); *Goodloe v. Parratt,* 605 F.2d 1041, 1045 (8th Cir. 1979) (same) (citing *In re Oliver,* 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948), and *Cole v. Arkansas,* 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948)). We believe Jones sufficiently alleged a violation of the Due Process Clause of the Fourteenth Amendment.

## B.

■ Having determined that Jones pleaded a cognizable claim, we will next consider the respondents' argument that, contrary to the district court's determination, Jones's claim is procedurally defaulted because he did not adequately present it to the Missouri state courts. Federal habeas review is barred when a state court has not decided a federal claim on the merits because the prisoner violated a state procedural law. *Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977). Federal courts will not review a procedurally defaulted claim because "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman v. Thompson,* 501 U.S. 722, ——, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991).

The facts alleged in Jones's first habeas claim were presented to the state courts on direct appeal from his conviction. The Mis-

souri Court of Appeals affirmed Jones's conviction, reasoning as follows:

> The original indictment was not defective. *State v. O'Connell*, 726 S.W.2d 742, 746[4] (Mo. banc 1987). Thus, the issue before us is the timeliness of the filing of the substitute information. When the State filed the substitute information, defendant did not object to it as untimely. *State v. Robinson*, 694 S.W.2d 748, 750[5] (Mo.App.1985). Even had he objected, a substitute information filed before the verdict is timely. Rule 23.08; *State v. Toney*, 680 S.W.2d 268, 272–73[1–3] (Mo.App. 1984). Defendant was fully apprised on the charge against him by the original indictment, he was not inhibited from presenting any defenses and was not prejudiced by the amendment.

*Jones*, 738 S.W.2d at 921.

■ The respondents first argue that Jones has procedurally defaulted his first claim because he failed to object at trial to the timeliness of the substitute information. Their reasoning would be correct if the Missouri Court of Appeals had resolved Jones's appeal on the basis of a state procedural rule. But Missouri courts are permitted to review for plain error if a defendant failed to object at trial. *See* Mo.R.Crim.P. 29.12(b). Here, the Missouri Court of Appeals noted Jones's lack of an objection and proceeded to consider the substance of Jones's claim, concluding that the substitute information was timely filed. *See Jones*, 738 S.W.2d at 921. We construe the court's opinion as considering and rejecting Jones's substantive claim on the ground that no plain error existed, not as declining to reach the merits on the ground that Jones violated a procedural rule. *See Harris v. Reed*, 489 U.S. 255, 257–58, 266 & n. 13, 109 S.Ct. 1038, 1040–41, 1045 & n. 13, 103 L.Ed.2d 308 (1989). Because the state courts reviewed Jones's claim under a plain-error standard, we also apply a plain-error standard on habeas review, not a more stringent standard. *See Coleman*, 501 U.S. at ———–——, 111 S.Ct. at 2553–55.

Although it is clear that Jones's claim was decided as a matter of substantive law, by which we mean the law that "creates, defines, and regulates rights," *Black's Law Dictio-*

*nary* 1429 (6th ed. 1990), and not as a matter of procedural law, by which we mean the law that "prescribes [a] method of enforcing rights or obtaining redress for their invasion," *id.* at 1203, the respondents also argue that Jones has procedurally defaulted this claim because he raised a different substantive issue on appeal than he alleged in his habeas petition. We must examine the nature of the substantive issue that was presented to the Missouri Court of Appeals to determine whether it was an issue of federal law or state law because "it is a well-established principle of federalism that a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts." *Wainwright*, 433 U.S. at 81, 97 S.Ct. at 2503.

■ A "habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim." *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 277–78, 92 S.Ct. 509, 512, 513–14, 30 L.Ed.2d 438 (1971)). To "fairly present" his claim, the petitioner must present the same facts and legal theories to the state court that he later presents to the federal courts. This allows the state court to apply the controlling legal principles to the facts that constitute the federal claim. *See Rust v. Hopkins*, 984 F.2d 1486, 1491 (8th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 2950, 124 L.Ed.2d 697 (1993); *Cox v. Lockhart*, 970 F.2d 448, 453–54 (8th Cir.1992). The federal legal theory or theories must plainly appear on the face of the petitioner's state-court briefs. *See McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir.1991) ("Explicit citation to the Constitution or to a federal case is necessary for fair presentation of a constitutional claim in state court."); *Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir.1980) (holding that petitioner failed to present federal claim to state courts because state-court brief was "without citation to any provision of the Federal Constitution or to any federal case").

■ It is clear that Jones's habeas claim is based on the same facts that he presented to the Missouri Court of Appeals on direct appeal. *See Kenley v. Armontrout*, 937 F.2d 1298, 1302–03 (8th Cir.) (requiring "arguable

factual commonality"), *cert. denied,* —— U.S. ——, 112 S.Ct. 431, 116 L.Ed.2d 450 (1991). But it is a closer question whether Jones's habeas claim is based on the same legal theories that he presented to the Missouri Court of Appeals. When Jones attacked the indictment and substitute information in his direct appeal, his appellate brief relied on one provision of the Missouri Constitution, two Missouri statutes, a Missouri procedural rule, and thirteen Missouri cases. (Resp'ts' Ex. D at 8–19.) Two of those thirteen Missouri cases recited a defendant's argument that the filing of the substitute information violated that defendant's rights under the Due Process Clause, but in both cases the state appellate court based its decision exclusively on state law. *See State v. King,* 380 S.W.2d 370, 374 (Mo.1964), *cert. denied,* 379 U.S. 979, 85 S.Ct. 681, 13 L.Ed.2d 569 (1965); *State v. Umfleet,* 538 S.W.2d 55, 58 (Mo.Ct. App.1976). Jones's appellate brief also relied on one decision of the United States Supreme Court, but Jones used it merely as persuasive authority to support his proposed interpretation of Missouri law. (Resp'ts' Ex. D at 18.) We believe Jones did not fairly apprise the Missouri Court of Appeals of the federal claim he later alleged in his habeas petition because he did not refer to or rely on federal law in his appellate brief. *See Snell v. Lockhart,* 14 F.3d 1289, 1298 (8th Cir.1994) (holding that petitioner fairly presented federal due process claim to state court when state-court appellate brief argued that admission of evidence " 'made a mockery' of the due process clause"). Jones "has deprived the state courts of an opportunity to address [his federal habeas] claims in the first instance." *Coleman,* 501 U.S. at ——, 111 S.Ct. at 2555. Thus, Jones is in procedural default with respect to his first claim.[3]

### III.

For his second claim, Jones alleges that the "evidence was insufficient to sustain [his] conviction." (R. at 3.) *See Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979). This claim was presented to the Missouri Court of Appeals only in a motion to recall the mandate filed more than three years after that court had affirmed Jones's conviction on direct appeal and about one-and-one-half years after that court affirmed the denial of postconviction relief. The district court denied relief on the merits.

### A.

 The respondents argue that Jones is in procedural default with respect to this claim. This raises the question whether the Missouri Court of Appeals' denial of Jones's motion to recall the mandate was based on state procedural law. A state court's decision is based on state law if its "reference to state law constitutes an adequate and independent state ground for its judgment." *Harris,* 489 U.S. at 261, 109 S.Ct. at 1042 (citing *Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)). "In habeas, *if* the decision of the last state court to which the petitioner presented his *federal claims* fairly appeared to rest primarily on resolution of *those claims,* or to be interwoven with those claims, and [if the state-court decision] did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition." *Coleman,* 501 U.S. at ——, 111 S.Ct. at 2557 (emphasis added). Federal courts essentially apply a presumption that when a state court refers to federal law, it bases its decision on federal law unless it expressly states that it bases its decision on state law. *Id.* at ——, 111 S.Ct. at 2555–57. If, however, the state-court decision "does not fairly appear to rest primarily on federal law or to be interwoven with such law," the

---

**3.** Given that Jones's habeas claim was phrased in almost identical language as his state-court claim, our conclusions—that Jones did *not* raise a federal claim in his direct appeal but that he *did* raise a federal claim in his habeas petition—might appear contradictory at first glance. But these different conclusions are explained by the difference between the relatively unforgiving federal standard that governs our scrutiny of Jones's direct state-court appeal and the relatively lenient pleading requirements of the habeas rules. We essentially assume that state courts decide cases based on state law, so we require state-court litigants to raise federal claims explicitly; we essentially assume that a federal habeas petition invokes federal law, so we do not require a habeas petitioner to identify federal claims with more precision.

presumption does not apply. *Id.* at ——, 111 S.Ct. at 2559.

■ Jones's motion to recall the mandate argued that "[t]he evidence was insufficient to sustain appellant's conviction in that the evidence did not establish either that appellant knowingly deceived the alleged victim or that the alleged victim relied on appellant's allegations." (Resp'ts' Ex.M.) Seven days later, the Missouri Court of Appeals filed a one-sentence order that stated, "Appellant's motion for recall of mandate is denied." (Resp'ts' Ex.N.) Because the court of appeals' order does not refer to federal law, we do not apply the presumption that the court based its decision on federal law. *See Coleman,* 501 U.S. at ——, 111 S.Ct. at 2559. Although no reasoning appears on the face of the court of appeals' order denying the motion, the court likely denied the motion on the ground that Jones had failed to raise it earlier. In Missouri, a motion to recall the mandate is proper only when a state prisoner alleges that his appellate counsel was ineffective or argues that the appellate court's opinion directly conflicts with a decision of the United States Supreme Court. *See State v. Thompson,* 659 S.W.2d 766, 769 (Mo.1983); *cf. Woods v. Kemna,* 13 F.3d 1244, 1245 (8th Cir.1994). Furthermore, a state prisoner must allege an insufficient-evidence claim on direct appeal, not in a postconviction motion. *Street v. State,* 765 S.W.2d 630, 631 (Mo.Ct.App.1989). Thus, a Missouri prisoner cannot raise an insufficient-evidence claim in a motion to recall the mandate that is filed after final judgment on postconviction proceedings. *See Hankins v. Delo,* 977 F.2d 396, 398 (8th Cir.1992); *Kennedy v. Delo,* 959 F.2d 112, 115–16 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 168, 121 L.Ed.2d 116 (1992). We therefore conclude that the Missouri Court of Appeals denied Jones's motion on the ground that Jones violated a state procedural rule. Thus, contrary to the district court, which addressed Jones's petition very soon after the Supreme Court's decision in *Coleman,* we hold that Jones's second claim is procedurally defaulted. *See Coleman,* 501 U.S. at ——, 111 S.Ct. at 2559–61.

**B.**

■ Jones argues that his procedural default should be excused on the ground that he can show cause and prejudice for his failure to properly present this claim and on the ground that he is actually innocent. Despite ample opportunity to do so, Jones did not make such allegations in the district court, the proper place to plead and prove exceptions to procedural default, *see McCleskey v. Zant,* 499 U.S. 467, 493, 494–95, 111 S.Ct. 1454, 1469, 1470–71, 113 L.Ed.2d 517 (1991) (stating that exceptions to procedural default also apply to abuse of the writ; describing shifting of burdens for exceptions to abuse of the writ). Our case law permits us to consider a *claim for habeas relief* that was not raised in the district court if a petitioner can meet either the cause-and-prejudice exception or the fundamental-miscarriage-of-justice exception. *See Kennedy,* 959 F.2d at 117. We find it considerably more difficult to apply those exceptions to a petitioner's failure to raise the very same exceptions. Nonetheless, out of an abundance of caution and without establishing any rule for doing so in future cases, we will now consider for the first time Jones's asserted reasons for excusing his procedural default.

■ Jones first alleges ineffective assistance of counsel as cause for failure to raise the sufficiency-of-the-evidence issue on appeal. But a habeas petitioner cannot allege as cause an issue that has not itself been presented to the state courts in the first instance. *See Maynard v. Lockhart,* 981 F.2d 981, 984 (8th Cir.1992). Lest we walk too far into this hall of mirrors, we conclude that Jones cannot be relieved from his failure to allege effective assistance of counsel because he has not alleged that any external factor prevented him from raising that claim in his state-court postconviction motion. *See Coleman,* 501 U.S. at —— – ——, 111 S.Ct. at 2566–67. Jones next alleges that he should be excused from his procedural default on the ground of a fundamental miscarriage of justice. Jones has not provided us with any newly discovered evidence. We cannot find "by clear and convincing evidence that but for a constitutional error ..., no reasonable juror would have found him"

guilty when, in fact, a jury assessed the existing evidence and found Jones guilty. *Sawyer v. Whitley,* ——— U.S. ———, ———, 112 S.Ct. 2514, 2525, 120 L.Ed.2d 269 (1992); *see also Cornell v. Nix,* 976 F.2d 376, 381 (8th Cir.1992) (en banc) (applying *Sawyer*'s fundamental-miscarriage-of-justice exception to guilt phase of criminal proceedings), *cert. denied,* ——— U.S. ———, 113 S.Ct. 1820, 123 L.Ed.2d 450 (1993). Jones's grounds for failing to raise exceptions to procedural default in the district court (and thus the exceptions themselves) are facially meritless.

In sum, we will not consider the merits of Jones's second habeas claim because of the procedural default doctrine.

## IV.

For his third claim, Jones contends that he was denied his right to the effective assistance of counsel because his trial counsel failed to investigate four witnesses whose testimony could have helped him at trial. (R. at 4–5.) *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Jones raised this claim in the state courts in a motion for postconviction relief. *See* Mo.R.Crim.P. 27.26 (repealed Jan. 1, 1988). Jones alleges that his trial counsel was deficient for failing to contact four persons: Agnes Batton (also known as Agnes Mikell), L.C. Mikell, Wendell Hanson, and Tommy Isom. The district court denied relief on the merits.

 "In all criminal prosecutions, the accused shall enjoy the right ... to have the assistance of counsel for his defence." U.S. Const. amend. VI. The right-to-counsel clause guarantees that a criminal defendant will have *effective* counsel. *See McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970). To prove that he was denied his right to the effective assistance of counsel, Jones must prove that his trial counsel's performance was deficient and that he was prejudiced by that deficient performance. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. An attorney's performance is deemed deficient if it is "outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. at 2066. An attorney's deficient performance is deemed prejudicial when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

The state trial court conducted an evidentiary hearing before ruling on Jones's postconviction motion. Our review of the evidence presented at that hearing convinces us that this claim is without merit. Jones testified that he gave the names of these four persons to his trial counsel. (Resp'ts' Ex. G at 29.) Jones, however, testified that he was not sure whether he informed his counsel of the reasons why Hanson might be helpful (*id.* at 31), and Jones's trial counsel testified that she never talked with Jones about Hanson, (*id.* at 41). Jones's trial counsel also testified that she talked to Tommy Isom, Jones's half-brother, but that Isom had no knowledge of the facts of the case. (*Id.* at 38.) Jones's trial counsel further testified that she did not bother to contact Agnes Batton or L.C. Mikell because they first brought the case to the attention of the police and the local media and because she had read their statements in the police report. (*Id.* at 39.)

"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). Furthermore, "'[a]n attorney's decisions on what to investigate are accorded heavy deference.'" *Whitmore v. Lockhart,* 8 F.3d 614, 618 (8th Cir.1993) (quoting *Russell v. Jones,* 886 F.2d 149, 152 (8th Cir.1989)). We believe the record reveals that Jones's trial counsel had sufficient strategic reasons for not calling each of the four persons as witnesses and thus did not represent Jones in a deficient manner. *See id.* at 618–22 (finding no deficient performance where counsel investigated reasonably). Because Jones has failed to prove that his trial counsel was

ineffective, the district court did not err when it denied relief on this claim.

## V.

We affirm the judgment of the district court, which denied the petition for a writ of habeas corpus.