Delbert CUEVAS

v.

**BUREAU OF PRISONS, et al.**

**Civil Action No. 99–535.**

United States District Court,
E.D. Louisiana.

April 28, 1999.

---

682

Samuel S. Dalton, Jefferson, LA, for plaintiff.

Greg Gerard Guidry, U.S. Attorney's Office, New Orleans, LA, for defendants.

### ORDER AND REASONS

FALLON, District Judge.

Before the Court is the petition of Delbert Cuevas ("Cuevas") for writ of habeas corpus pursuant to Title 28, United States Code, Section 2241, seeking a reduction of the sentence imposed by this Court on petitioner's plea of guilty to misprision of a felony, a violation of Title 18, United States Code, Section 4. For the following reasons, petitioner's motion is GRANTED, and his sentence of imprisonment is hereby retroactively REDUCED so that he is deemed to have been released from imprisonment and to have commenced his one year term of supervised release on September 25, 1998.

### I. BACKGROUND

On November 8, 1996 the petitioner pled guilty to one count of a superseding bill of information, which charged him with misprision of a felony, a violation of Title 18, United States Code, Section 4. This Court subsequently sentenced Cuevas to a 24 month term of imprisonment, one year of supervised release, and a $7,500.00 fine. The Court also recommended that the Bureau of Prisons permit Cuevas to participate in drug treatment and counseling while incarcerated.

Cuevas began his two year period of incarceration on June 9, 1997. *See* Cuevas Pet., Ex. "C". He paid his fine on December 30, 1997. *See* Cuevas Pet., Ex. "D". While in custody, Cuevas participated in a 500 hour intensive drug abuse treatment program sponsored by the Bureau of Prisons. He successfully completed the program on September 24, 1998. *See* Cuevas Pet., Ex. "B". Pursuant to Title 18, United States Code, Section 3624(b), the Bureau of Prisons credited the petitioner for good behavior and set his release date for March 4, 1999. He began his one year term of supervised release at that time.

On February 17, 1999, prior to his release date, Cuevas filed his petition for habeas corpus relief, alleging that the defendants, Bureau of Prisons, Kathleen H. Sawyer (Director of the Bureau of Prisons), and Edward Boldger (Cuevas's supervisor at the half-way house where he was incarcerated at the time of his petition), violated his due process and equal

protection rights by denying him a sentence reduction for successful completion of the drug treatment program, as permitted by Title 18, United States Code, Section 3621(e). Cuevas argues that, as a nonviolent offender, he was eligible for such a reduction, and that the defendants were arbitrary and capricious in refusing him one. He maintains that had the defendants granted the reduction, he would have been released between June 9, 1998 and September 25, 1998. This would have permitted him to complete the supervised release portion of his sentence no later than September 25, 1999. Cuevas asks the Court to grant his petition and order the defendants to retroactively set his release date at June 10, 1998.

The Court ordered the defendants to supply a response, which they filed on March 31, 1999. In their two page memorandum, the defendants do not mention any of the merits of Cuevas's claims. Instead, they maintain that, since he was released from imprisonment on March 4, 1999, Cuevas is no longer in custody and therefore may not seek habeas corpus relief. The defendants urge the Court to deny the petition as moot.

The Court notes initially that Cuevas's petition states that he filed before March 4, 1999 to avoid precisely this problem. In addition, since the defendants have not responded to any of the factual allegations contained in the petition, the Court will accept those statements as true.

## II. ANALYSIS

### A. Cuevas Remains in Custody While on Supervised Release

The writ of habeas corpus will not extend to a prisoner unless he is "in custody." *See* 18 U.S.C. § 2241(c). Federal courts have consistently held that "the conditions of parole and probation sufficiently restrain the individual to constitute 'custody'" within the meaning of § 2241. *See, e.g., Coronado v. United States Board of Parole,* 540 F.2d 216, 217 (5th Cir.1976)

(finding habeas jurisdiction where petitioner had been placed under supervision of a United States Probation Officer following release); *see also Jones v. Jerrison,* 20 F.3d 849, 852 n. 2 (8th Cir.1994) (stating that parole status does not deprive federal court of habeas jurisdiction); *Olson v. Hart,* 965 F.2d 940, 942–43 (10th Cir.1992) (holding that probationary status is sufficient to trigger jurisdiction under § 2254).

■ Moreover, if proper when the petition is initially filed, the prisoner's subsequent release does not deprive a federal court of jurisdiction. *See United States v. Gallagher,* Crim.A. No. 87–60, 1990 WL 130652, at *2 (E.D.La. Aug.30, 1990); *see also Jones,* 20 F.3d at 852 n. 2; *Olson,* 965 F.2d at 943; *Barry v. Brower,* 864 F.2d 294, 296 (3d Cir.1988).

■ The conditions of supervised release to which Cuevas is now subject are sufficiently analogous to probation and parole to establish his standing to maintain a habeas action. Moreover, jurisdiction in this Court was clearly proper when Cuevas filed his petition, since he was still incarcerated at the time.

The defendants urge three cases, *United States v. Gaudet,* 81 F.3d 585 (5th Cir. 1996); *United States v. Watroba,* 56 F.3d 28 (6th Cir.1995); and *United States v. Segler,* 37 F.3d 1131 (5th Cir.1994), for the proposition that since Cuevas is no longer in custody, his petition is moot. The Court has reviewed these cases, and notes that each is a decision holding that fines and other monetary penalties do not satisfy the "in custody" requirement. Monetary penalties are not at issue here; the cases cited by the defendants are therefore distinguishable.

Cuevas remains "in custody" within the meaning of § 2241, and is therefore entitled to seek habeas corpus relief.

### B. The Defendants Abused Their Discretion By Failing to Give Any Reasons for the Denial of the Sentence Reduction

■ The Bureau of Prisons may reduce by up to one year the sentence of a

prisoner convicted of a nonviolent offense who successfully completes a substance abuse treatment program. *See* 18 U.S.C. § 3621(e)(2)(B). The decision whether to grant a sentence reduction under this provision is discretionary with the Bureau of Prisons. *See Miller v. United States*, 964 F.Supp. 15, 20 (D.D.C.1997), *vacated as moot*, 159 F.3d 636 (D.C.Cir.1998); *Hillstrom v. E.W. Morris*, Civ.A. No. 96–3192, 1996 WL 568842, at *3 (D.N.J. Oct.3, 1996). The statute's discretionary language means that there is no protected liberty interest, under either due process or equal protection analysis, in a sentence reduction following completion of drug treatment. *See Hillstrom*, 1996 WL 568842, at *3 n. 3 & *4; *Piccolo v. Lansing*, 939 F.Supp. 319, 321 (D.N.J.1996). While it is clear that § 3621 does not create an automatic entitlement to a sentence reduction, it seems consistent with the intent of the statute that an inmate who successfully completes treatment is at least entitled to be *considered* for such a reduction.

In this case, it is unquestioned that Cuevas successfully completed a treatment program sanctioned by the Bureau of Prisons. He was eligible for consideration for a sentence reduction under § 3621(e)(2)(B). While it was within the Bureau's discretion to deny a reduction, the Bureau was not free to abuse the discretion conferred on it by the statute. After Cuevas filed his petition, this Court ordered the defendants to file a response. Rather than articulate a rational, legitimate basis for rejecting a reduction, the defendants offer no reason whatsoever. In a two page response memorandum, they raise only the mootness of Cuevas's petition as a defense. As outlined above, this defense lacks merit, and it was incumbent upon the Bureau to advance some explanation for exercising its discretion to refuse Cuevas a reduction. The Court can only conclude that there existed no rational basis for the Bureau to deny one. If an illegal reason for denying a sentence re-

duction would constitute abuse of discretion, then, in this Court's view, the failure to provide any reason at all also rises to an abuse of discretion.

The defendants have forfeited the right to invoke the deference normally accorded the Bureau by § 3621, and the Court will grant Cuevas's petition. The Bureau will be directed to retroactively reduce the petitioner's sentence, so that his release from incarceration and his commencement of supervised release should have commenced on September 25, 1998. Cuevas's one year term of supervised release shall run from that date.

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the petition of Delbert Cuevas for writ of habeas corpus pursuant to Title 28, United States Code, Section 2241, for retroactive reduction of his sentence is hereby GRANTED, and his term of imprisonment is hereby REDUCED so that he is deemed to have been released from imprisonment and to have commenced his one year term of supervised release on September 25, 1998.