**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-6586**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

LATCHMIE NARAYAN TOOLASPRASHAD,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Terrence W. Boyle, District Judge. (3:85-cr-00045-BO-1)

———————

Submitted: July 19, 2012                 Decided: July 26, 2012

———————

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Latchmie Narayan Toolasprashad, Appellant Pro Se. Rudolf A. Renfer, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Latchmie Narayan Toolasprashad appeals the district court's orders treating his filing as a successive 28 U.S.C.A. § 2255 (West Supp. 2012) motion, and dismissing it on that basis and denying his motion for reconsideration. In 1986, Toolasprashad was convicted of murder and sentenced to life imprisonment. He has since sought relief from his conviction and sentence under § 2255 and could not seek relief again without authorization from this court. 28 U.S.C.A. § 2255(h). In his motion for reconsideration, Toolasprashad claimed that he was no longer in custody for the murder conviction and that his filing was a writ of error coram nobis. We conclude the court correctly found that Toolasprashad was not eligible to be considered for coram nobis relief based on the finding that he was on parole and still in custody. See Jones v. Jerrison, 20 F.3d 849, 852 (8th Cir. 1994) (a parolee remains in custody for purposes of a habeas corpus petition). Accordingly, we affirm the district court's orders.

Additionally, we construe Toolasprashad's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously

2

discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h) (West Supp. 2012). Toolasprashad's claim that he is entitled to relief under the rule announced in Padilla v. Kentucky, 130 S. Ct. 1473 (2010) does not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

Accordingly, we affirm. We deny Toolasprashad's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED