# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-3717

———————————————

Jim Harris, Jr.

*Petitioner - Appellant*

v.

Ian Wallace

*Respondent - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: September 23, 2020
Filed: January 5, 2021

——————————

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

——————————

KELLY, Circuit Judge.

Jim Harris, Jr. pleaded guilty to one count of first-degree assault in the Circuit Court of Scott County, Missouri. In 2012, the court imposed a 15-year sentence and ordered that it run concurrently with Harris's recently imposed 25-year federal sentence. However, Harris remains in state custody and currently is receiving credit only against his state sentence. He will not begin serving his federal sentence until he has completed his state sentence and is transferred to the custody of the Bureau of

Prisons. As a result, and despite the state court's order, Harris will serve consecutive, not concurrent, sentences.

Harris petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied relief, and we granted Harris's application for a certificate of appealability on the following issue: whether state trial counsel provided ineffective assistance by advising Harris that his state prison term would run concurrently with his federal prison term.

**I.**

In March 2010, Harris was charged with first-degree assault, armed criminal action, and first-degree robbery, and he was taken into state custody. A month later, Harris was transferred to federal custody on a writ of habeas corpus ad prosequendum to face a federal indictment on three counts unrelated to the state charges. See Harris v. United States, No. 1:19 CV 00053 SNLJ, 2020 WL 2840001, at *1 (E.D. Mo. June 1, 2020) (noting Harris was charged with interference with commerce by threat or violence, possession of a firearm in furtherance of a crime of violence, and being a convicted felon in possession of ammunition). On December 9, 2011, before his state case was resolved, Harris pleaded guilty to all three federal charges. See id. at *2–4. On May 29, 2012, the federal district court sentenced him to 300 months (25 years) in prison.[1] See id. at *6. The district court was silent as to whether the sentence would run concurrently with any state sentence later imposed.[2]

---

[1]Harris was later resentenced to a term of 183 months in light of Johnson v. United States, 576 U.S. 591 (2015). See Harris, 2020 WL 2840001, at *7.

[2]Harris's federal sentence therefore presumptively ran consecutively with his yet-to-be-imposed state sentence. See 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); Setser v. United States, 566 U.S. 231, 236 (2012) (affirming district courts' discretion to select whether a federal sentence

Harris returned to state custody. His state defense counsel (Plea Counsel) asked the prosecutor to dismiss all state charges in light of his federal conviction and sentence. The prosecutor refused but countered with a proposal to recommend a 15-year sentence to run concurrently with his then-25-year federal sentence, so long as Harris pleaded guilty to the assault charge. With this understanding, Harris entered an Alford plea[3] to first-degree assault on July 12, 2012. The state court accepted Harris's plea, sentenced him to 15 years in prison "to run concurrent with a federal sentence," and dismissed the remaining counts.

Harris remained in state custody, where he continued to serve his state sentence, but not his federal sentence. See Elwell, 716 F.3d at 481 ("[S]ervice of a federal sentence generally commences when the United States takes primary jurisdiction and a prisoner is presented to serve his federal sentence, not when the United States merely takes physical custody of a prisoner who is subject to another sovereign's primary jurisdiction."); United States v. Hayes, 535 F.3d 907, 910 (8th Cir. 2008) ("Only the [Bureau of Prisons] has the authority to determine when a federal sentence commences."). As a result, the state court's order that Harris's state sentence run concurrently with his federal sentence had no effect because Harris was not yet serving his federal sentence. See Elwell, 716 F.3d at 481 ("[T]he state court's intent regarding concurrent or consecutive sentences is not binding on the federal courts or the BOP." (quoting Fegans v. United States, 506 F.3d 1101, 1104 (8th Cir. 2007))); see also 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment

imposed will run concurrently or consecutively with respect to an anticipated state sentence that has not yet been imposed); Elwell v. Fisher, 716 F.3d 477, 483–84 (8th Cir. 2013) (same, and a "district court's silence . . . requir[es] consecutive sentences pursuant to § 3584(a)").

[3]Pursuant to an Alford plea, "[a]n individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." North Carolina v. Alford, 400 U.S. 25, 37 (1970).

commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.").

A month after he was sentenced in state court, Harris filed for post-conviction relief (PCR) under Missouri Supreme Court Rule 24.035.[4] Represented by post-conviction counsel (PCR Counsel), Harris alleged that Plea Counsel provided ineffective assistance by (1) failing to adequately communicate with him during the pre-trial stage concerning the investigation and defense of his case; and (2) failing to adequately explain the consequences of his plea agreement, namely that he waived his right to appeal his conviction and "the amount of his sentence he was to serve." He did not include an allegation that Plea Counsel was ineffective for advising him that his federal and state sentences would run concurrently if he accepted the state's plea offer. The PCR court held an evidentiary hearing, at which Plea Counsel testified in part:

> I am never in favor of having a client plead to a large sentence. I shouldn't say never in favor. I never like it. But the decision whether to plead guilty or not guilty is always of the client's decision. That was a decision he made. It was a choice he made. *In light of the fact he was already serving a 25-year sentence, which would completely swallow the 15-year sentence.*

---

[4]Rule 24.035 proceedings permit a "person convicted of a felony on a plea of guilty" to seek relief on a claim that "the conviction or sentence imposed violates the constitution and laws of [Missouri] or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel." Mo. Sup. Ct. R. 24.035(a). Rule 24.035 "has the purpose of providing a prompt review of any deficiency in [a state felony] judgment or sentence." Swallow v. State, 398 S.W.3d 1, 4 (Mo. banc 2013); see also Dorris v. State, 360 S.W.3d 260, 269 (Mo. banc 2012) (noting Rule 24.035 motions represent a "collateral attack on a final judgment of a court" (quoting White v. State, 939 S.W.2d 887, 893 (Mo. banc 1997))).

(emphasis added). The PCR court denied Harris's motion for post-conviction relief.

Harris, represented by new PCR appellate counsel, appealed. On appeal, Harris argued that PCR Counsel was ineffective for failing to include a claim in his Rule 24.035 proceedings that Plea Counsel was ineffective for advising Harris that his state and federal sentences would run concurrently. The Missouri Court of Appeals concluded that because this allegation was not raised in the initial Rule 24.035 motion, it was not reviewable on appeal, and affirmed the denial of post-conviction relief.

Less than a year later, Harris filed a timely *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition listed five grounds for relief, only one of which is before us on appeal. In his first ground for relief, titled "Plea Counsel Ineffective," Harris offered several facts in support of his claim. In the space provided on the habeas form, Harris alleged that Plea Counsel assured him, before he agreed to plead guilty in his federal case, that his state charges would be dropped if he received a lengthy federal sentence. He claimed that this assurance "caused him to plead guilty to 25 yrs. in [the Federal Bureau of Prisons], then had to face the State Charges, which resulted in 15 yrs. [in Missouri custody]." And in a handwritten attachment to the habeas form, Harris alleged the following:

> Plea Counsel was also ineffective for causing me to believe that my 25 year federal sentence would swallow up the 15 year state sentence if and when the judge ran the state conviction concurrent with the federal sentence. I thought I would be sent to the FBOP, and the 15 years would be swallowed up, as she stated on the record, but this this [sic] happen either. Plea Counsel was ineffective.

The district court construed Harris's first claim as "plea counsel was ineffective because counsel allegedly told [Harris] that if he received a large sentence on federal charges, the State agreed to drop the state charges against him." The court denied

-5-

Harris's petition without a hearing, finding the claim procedurally defaulted and, in the alternative, meritless. It did not address Harris's claim regarding Plea Counsel's advice on the issue of concurrent sentences.

Harris timely appealed, and we granted a certificate of appealability on whether Plea Counsel "was ineffective by advising [Harris] that his state prison term would run concurrently with his federal prison term." See 28 U.S.C. § 2253(c)(3) (requiring the certificate of appealability to indicate the "specific issue or issues" for appeal); see also Carter v. Hopkins, 151 F.3d 872, 874 (8th Cir. 1998) ("[A]ppellate review is limited to the issues specified in the certificate of appealability."). We have jurisdiction under 28 U.S.C. § 1291.

## II.

When reviewing the denial of a § 2254 habeas petition, "we review the district court's findings of fact for clear error and its conclusions of law de novo." Stephen v. Smith, 963 F.3d 795, 799 (8th Cir. 2020). We review a district court's finding of procedural default de novo. See Murphy v. King, 652 F.3d 845, 848 (8th Cir. 2011).

## A.

To begin, the State argues that Harris did not properly plead the claim on which we granted a certificate of appealability. According to the State, we need go no further than this to affirm the dismissal of Harris's petition for habeas relief.

Section 2254 allows petitioners to challenge the lawfulness of their confinement by demonstrating their custody is in "violation of the Constitution or laws or

treaties of the United States."[5]  28 U.S.C. § 2254(a); see Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994).  A properly filed petition must, among other things, "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  Rule 2(c)(1)–(2), Rules Governing Section 2254 Cases in the United States District Courts; see Adams v. Armontrout, 897 F.2d 332, 333 (8th Cir. 1990).  "[A] petition filed by a *pro se* petitioner should be 'interpreted liberally and . . . should be construed to encompass any allegation stating federal relief.'"  Jones, 20 F.3d at 853 (quoting White v. Wyrick, 530 F.2d 818, 819 (8th Cir. 1976)); see Thompson v. Mo. Bd. of Parole, 929 F.2d 396, 399 (8th Cir. 1991) (giving liberal construction to *pro se* habeas petition to find the petitioner adequately pleaded claims for relief).

Harris sufficiently pleaded the claim at issue.  While all the supporting facts are not written on the habeas form, they are stated in the attachment Harris included with his petition.  Between the habeas form and the attachment, which comprised a single filing, Harris alleged sufficient facts to apprise the district court and the State of a distinct basis for his claim—that Plea Counsel advised that his 25-year federal sentence would "swallow" up any state sentence he would receive for pleading guilty to first-degree assault.  The allegations in the habeas petition give adequate notice of the substance of Harris's claim and of the type of evidence that could be expected to be developed as the case progressed.  The claim was properly presented in Harris's petition.  See Jones, 20 F.3d at 853 ("A district court is obligated to analyze all alleged facts to determine whether they state a federal claim.").

_____

[5]"[T]he purpose of federal habeas corpus is to ensure that state convictions comply with the federal law in existence at the time the conviction became final."  Sawyer v. Smith, 497 U.S. 227, 234 (1990); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.").

**B.**

In the alternative, the State argues that even if properly pleaded, the claim at issue is nevertheless barred as procedurally defaulted. Generally, under the doctrine of procedural default, a federal court may not review claims that a habeas petitioner has defaulted in state court "pursuant to an independent and adequate state procedural rule." Coleman v. Thompson, 501 U.S. 722, 750 (1991); Martinez v. Ryan, 566 U.S. 1, 9 (2012) ("[A] federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule."). The parties do not dispute that the Missouri Court of Appeals denied this claim on procedural grounds because it was raised for the first time on appeal from the denial of Harris's PCR action. See Garrison v. State, 400 S.W.3d 826, 827 (Mo. App. 2013) (declining to consider ineffective assistance of counsel claim raised for the first time on appeal from a PCR action because it "was never presented to the motion court, [which] was not required to and did not make any findings of fact or conclusions of law related to it"). They disagree, however, on whether the court may nevertheless review the claim because it satisfies the Martinez exception to procedural default.

A state prisoner can obtain federal review of a claim for habeas relief, even though it has been procedurally defaulted, by "demonstrat[ing] cause for the default and actual prejudice as a result of the alleged violation of federal law."[6] Coleman, 501 U.S. at 750. Coleman established, however, that "ineffective assistance of counsel during *state post-conviction proceedings* cannot serve as cause to excuse

---

[6]A prisoner can also obtain federal review of a procedurally defaulted habeas claim by "demonstrat[ing] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

factual or procedural default." <u>Wooten v. Norris</u>, 578 F.3d 767, 778 (8th Cir. 2009) (emphasis added). <u>Martinez</u> created a narrow exception to that rule where:

> (1) the claim of ineffective assistance of trial counsel was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; and (3) the state collateral review proceeding was the "initial" review proceeding with respect to the "ineffective-assistance-of-trial-counsel claim."

<u>Kemp v. Kelley</u>, 924 F.3d 489, 499 (8th Cir. 2019) (quoting <u>Dansby v. Hobbs</u>, 766 F.3d 809, 834 (8th Cir. 2014)); <u>see Martinez</u>, 566 U.S. at 14. Missouri "prevent[s] individuals from pursuing claims of ineffective assistance of trial counsel on direct appeal," requiring instead that they make such claims in a post-conviction, "initial-review collateral proceeding." <u>Franklin v. Hawley</u>, 879 F.3d 307, 312 (8th Cir. 2018). Harris's claim thus satisfies the third <u>Martinez</u> requirement.

To overcome procedural default, Harris must also show that (1) his claim of ineffective assistance of Plea Counsel is "substantial" and (2) the "cause" for the default was that PCR Counsel was ineffective during the initial-review collateral proceeding. To show an underlying claim is substantial, "the prisoner must demonstrate that the claim has some merit." <u>Martinez</u>, 566 U.S. at 14 (citing <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003)); <u>see also</u> <u>Slocum v. Kelley</u>, 854 F.3d 524, 532 (8th Cir. 2017) ("To prove that his ineffective-assistance claims are substantial, [petitioner] must show that his counsel was deficient and that his counsel's deficient performance prejudiced him."). At the least, this requires the petitioner to demonstrate that the issue—in this case, whether Plea Counsel was ineffective under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984)—"was debatable among jurists of reason." <u>Miller-El</u>, 537 U.S. at 336. As to "cause," a prisoner also must demonstrate that counsel during the state collateral review proceeding—in this case, PCR Counsel—was ineffective under <u>Strickland</u>. <u>Martinez</u>, 566 U.S. at 14.

Because the district court did not recognize Harris's claim, it never reached the issue of procedural default or determined whether the <u>Martinez</u> exception applies. <u>Cf.</u> <u>Sasser v. Hobbs</u>, 735 F.3d 833, 853 (8th Cir. 2013) ("Failure to consider a lawyer's 'ineffectiveness' during an initial-review collateral proceeding as a potential 'cause' for excusing a procedural default will deprive the defendant of any opportunity at all for review of an ineffective-assistance-of-trial-counsel claim." (quoting <u>Trevino v. Thaler</u>, 569 U.S. 413, 428 (2013))).  As a result, we remand for the district court to hold an evidentiary hearing to consider these matters in the first instance.[7]  <u>See</u> <u>id.</u> at 853–54 (remanding "potentially meritorious" claims of ineffective assistance of counsel to the district court to conduct evidentiary hearings to determine whether procedural default is excused).  If the district court determines that procedural default is excused for Harris's claim, it should proceed to the question of whether the claim merits habeas relief.

### III.

We vacate the district court's dismissal of Harris's ineffective assistance of counsel claim, and we remand for further proceedings consistent with this opinion.

_____

---

[7]We note that Plea Counsel testified at the Rule 24.035 proceedings, but she was not questioned directly about her advice, if any, to Harris concerning whether the state and federal sentences would run concurrently because the issue was not raised to the PCR court—recall that Harris argues its omission was due to the ineffective assistance of PCR Counsel.  Additionally, no court has yet heard from PCR Counsel, whose testimony is critical to determine whether procedural default is excused under <u>Martinez</u>.